No. 61,510

STATE OF KANSAS, *Appellee*, v. RONALD L. BROWNING, *Appellant*.
(774 P.2d 935)

Opinion filed May 26, 1989.

*Lucille Marino*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellant.

*Debra L. Barnett*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: The defendant, Ronald Browning, appeals from a conviction of one count of second-degree murder and two counts of forgery following his plea of nolo contendere. Browning contends that the complaint/information, which was orally amended at the plea hearing, was fatally defective. We agree. Browning's conviction was void for lack of subject matter jurisdiction, and the case is reversed.

Browning asserts that the denial of his motions to withdraw his plea was an abuse of discretion. Because of our defective oral complaint reversal, it is not necessary to rule on Browning's plea withdrawal contention.

## FACTS

Ronald Browning was charged with the murder of Dianne Parker and with two counts of forgery. At the preliminary hearing Browning was bound over on all three counts. He waived formal arraignment, entered a plea of not guilty and requested a jury trial. Pursuant to plea negotiations, the State amended count one from first-degree murder to second-degree murder and Browning entered a plea of nolo contendere to all three counts.

At a hearing on November 19, 1986, defense counsel requested that the plea be set aside because Browning had not understood the plea agreement. Browning asked to address the court. The court advised him of his right to remain silent and suggested that Browning consult with defense counsel prior to making any statement. After a private consultation between Browning and defense counsel, defense counsel advised the court that Browning no longer wished to pursue the motion to set aside the plea.

Three weeks later, the court received an 11-page letter from Browning. The court interpreted this letter as another motion to set aside the plea. In February 1987, the two attorneys representing Browning withdrew from the case. On March 5, 1987, another hearing was held and an assistant Sedgwick County public defender appeared on behalf of Browning. The court denied Browning's motion and adjudged him guilty of second-degree murder and two counts of forgery.

The court found that Browning had used a firearm in the commission of the murder; therefore, the mandatory minimum sentence required by K.S.A. 21-4618 applied.

Defense counsel subsequently filed another motion to withdraw Browning's plea and a motion to modify his sentence. Browning also filed his own motions for a change of plea and for a jury trial. The trial court denied all the defense motions.

### The Oral Amendment to the Complaint/Information

By entering his plea of nolo contendere, Browning did not waive his jurisdictional defenses. K.S.A. 22-3208(3), (4). Under

the facts in Browning's case, the trial court had no jurisdiction. The complaint/information was fatally defective.

Murder in the first degree is defined as "the killing of a human being committed *maliciously*, willfully, deliberately and with premeditation." (Emphasis added.) K.S.A. 21-3401. Murder in the second degree is defined as "the *malicious* killing of a human being, committed without deliberation or premeditation." (Emphasis added.) K.S.A. 21-3402.

The complaint/information against Browning said in part:

"[O]n or about the 21st day of July, 1984, A.D., RONALD L. BROWNING, did then and there unlawfully, willfully: deliberately and with premeditation, kill and murder a certain human being, to-wit: Dianne M. Parker . . . ."

Browning contends that because the original complaint/information failed to allege the element of malice, it was fatally defective and, therefore, the oral amendment of the charge to second-degree murder was also defective. We agree.

Malice is also a required element of second-degree murder. The State moved to amend count one of the complaint from the crime of first-degree murder to the crime of second-degree murder at the plea negotiation hearing. The amendment was allowed by the court and subsequently journalized. No objection was ever raised by Browning as to the sufficiency of the complaint until this appeal.

An information which omits one or more of the essential elements of a crime is fatally defective and reversal of a conviction on that offense is required. *State v. Wilson,* 240 Kan. 606, 607, 731 P.2d 306 (1987).

The State admits that the complaint in this case fails to allege the element of malice, but contends that malice can be inferred from the terms used in the complaint. In *State v. Roberson,* 210 Kan. 209, 499 P.2d 1137 (1972), the defendant challenged his conviction of second-degree murder because the information failed to allege that the killing was committed maliciously. The State replied that the terms used in the information were sufficient to supply the element of malice; specifically, that the term "willfully" imports malice. This court disagreed: "Although language may be found in a good many cases which equates the terms 'willful' and 'malicious', this court is of the opinion that the word 'willfully', as it relates to the crime of murder, is not the legal equivalent of 'maliciously.' " 210 Kan. at 213.

The State emphasizes the language "deliberately and with premeditation" in the original complaint. We have held in *Wilson* that malice cannot be inferred from "willfully." It is also our view that malice cannot be inferred from the phrase "deliberately and with premeditation." Malice is an element of first- *and* second-degree murder, whereas premeditation and deliberation are only elements of first-degree murder.

Malice is an important element in the crime of murder because malice is the element that distinguishes murder from other types of killings (*e.g.*, manslaughter, self-defense). *Roberson,* 210 Kan. at 214. The oral motion to amend the complaint did not specify that any particular words be added to or deleted from the original language of the complaint.

In *State v. Rasch,* 243 Kan. 495, 501, 758 P.2d 214 (1988), this court said:

"When the defendant and his attorney are present and permission is obtained from the judge, the State may orally amend the complaint or information any time before the verdict or finding, if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced . . . . The amendment to the complaint or information may be shown by interlineation on the complaint or information, by the filing of an amended complaint or information, or by a journal entry stating the amendment to the complaint or information."

In the *Rasch* case, however, the prosecutor had requested that specific language be added to the complaint and indicated the specific places where the new language should be inserted. Here, the prosecutor merely stated that she wanted to amend count one from first- to second-degree murder. (We note that *Rasch* was decided after the prosecutor in the instant case had made her oral motion to amend the complaint.)

In *State v. Wilson,* 240 Kan. 606, we held that a complaint had not been amended where the State had not filed an amended information, the prosecutor did not state the precise wording he wished to include or exclude, and the prosecutor did not interlineate upon the original complaint or information. Wilson's conviction of second-degree murder was set aside as she had not been charged with any offense under Kansas law. 240 Kan. at 608-09. The information in *Wilson* failed to state that the killing was done maliciously, without premeditation or deliberation, and not in the perpetration of a felony. 240 Kan. at 607. *Wilson* was also decided after the oral motion to amend was made in this case.

In *Cox v. State,* 205 Kan. 867, 473 P.2d 106 (1970), the defendant was originally charged with kidnapping in the first degree, but agreed to plead guilty to kidnapping in the second degree. In open court, the prosecution announced that it was willing to accept the plea to the lesser included offense of kidnapping in the second degree. The court held that the statement of the prosecutor in open court, on the record, was sufficient to amend the information. 205 Kan. at 875. In *Cox,* however, there was no allegation that the original information was defective. The original information was not in question in *State v. Carpenter,* 228 Kan. 115, 612 P.2d 163 (1980), which is also cited by the State.

The oral amendment issue was addressed in *State v. Nunn,* 244 Kan. 207, 768 P.2d 268 (1989). During the course of the trial in the *Nunn* case, the testimony of one of the victims revealed that the alleged acts of sexual abuse occurred during a different time frame than that alleged by the complaint. The State was allowed to orally amend two counts, over defense counsel's objection. No amended complaint was filed, nor was the original complaint amended by interlineation, but the amendment was included in the journal entry filed several weeks later. We distinguished *Wilson,* stating that in *Wilson* the information was never amended because the wording of the desired amendment was never stated for the record. 244 Kan. at 222-23. We upheld the amendment in *Nunn,* but noted that the original information had not been challenged as jurisdictionally defective. 244 Kan. at 224.

Recently we have revisited the complaint/information oral amendment question in *State v. Switzer,* 244 Kan. 449, 457, 769 P.2d 645 (1989). In *Switzer* we observed:

"In the case at bar, we have a situation similar to that in *Nunn,* except here the prosecution failed to amend in writing the complaint after leave to do so was granted, even by journal entry filed after the verdict. Thus, the issue is whether the omission invalidates the verdict. We hold it does not. Switzer has not been prejudiced by the prosecution's failure to properly memorialize the amendment. He had notice of the amendment having been made on the record. See *State v. Dodd,* 11 Kan. App. 2d 513, 515, 728 P.2d 402 (1986). The omission is thus not reversible error, although this finding does not excuse the prosecution from fulfilling its duty of memorializing the amendment."

Contrary to the oral amendment in the case at bar, the oral amendment in *Switzer* was detailed and specific.

In *Henderson v. Morgan,* 426 U.S. 637, 49 L. Ed. 2d 108, 96 S. Ct. 2253 (1976), the defendant's indictment for first-degree murder stated that he "willfully" stabbed the victim, but did not allege that he intended to cause her death. Defense counsel attempted to have the charge reduced to manslaughter. The prosecution would not drop the charges below second-degree murder. The defendant subsequently pled guilty to the charge of second-degree murder. Upon petition for writ of habeas corpus, the defendant argued that he never would have pled guilty had he known that intent to cause the death of his victim was an element of second-degree murder. The United States Supreme Court held that, because the defendant did not receive adequate notice of the offense to which he pled guilty, his plea was involuntary and he was convicted without due process of law. 426 U.S. at 647.

*Henderson* delineates the importance of having an effective information/complaint where the defendant ultimately pleads guilty.

### Browning's Motions to Withdraw His Plea

K.S.A. 22-3210(d) states:

"A plea of guilty or *nolo contendere,* for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."

The other subsections of K.S.A. 22-3210 state the conditions under which a trial court may accept a guilty or nolo contendere plea. Those conditions are: (1) The defendant or his counsel must enter the plea in open court; (2) in felony cases, the court must inform the defendant of the consequences of the plea and the maximum penalty; (3) the court must address the defendant and make a determination that the defendant has made the plea voluntarily and with an understanding of the charge and its consequences; and (4) the court must find a factual basis for the pleading. K.S.A. 22-3210(b) requires that the defendant must appear personally to enter the plea and that a record of the proceedings shall be made.

In *Boykin v. Alabama,* 395 U.S. 238, 243, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), the United States Supreme Court said:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege

against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. [Citation omitted.] Second, is the right to trial by jury. [Citation omitted.] Third, is the right to confront one's accusers. [Citation omitted.] We cannot presume a waiver of these three important federal rights from a silent record."

In *Trotter v. State,* 218 Kan. 266, 268, 543 P.2d 1023 (1975), this court said that K.S.A. 22-3210 was drafted to embody the requirements of due process as established in *Boykin.* In *Trotter* we said that, although we did not approve of anything but strict compliance with the statute, not every deviation requires reversal. "If upon review of the entire record it can be determined that the pleas of guilty were knowingly and voluntarily made, the error resulting from failure to comply strictly with K.S.A. 22-3210 is harmless." 218 Kan. at 269.

A nolo contendere plea has essentially the same consequences as a guilty plea. "Implicit in the *nolo contendere* cases is a recognition that the Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence." *North Carolina v. Alford,* 400 U.S. 25, 36, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970).

The "Acknowledgment" signed by Browning describes the rights he has waived upon entering a plea of *guilty.* The document does not mention the nolo contendere plea or its meaning. The document states that Browning has a tenth-grade education.

The trial court inquired of Browning: (1) if he was satisfied with the services of his attorney (he was); (2) if he had any complaint about the way he had been represented (he had none); (3) if he had any complaint about the way the court had treated him (he had none); and (4) if he had ever had treatment for mental illness (his answer was "no sir"). Then the trial court merely asked Browning: (1) if he had signed the document (he had); (2) if he had gone over it with his attorney (he had); and (3) if he understood it (he did). K.S.A. 22-3210(a)(2), (3) specifically requires:

"Before or during trial a plea of guilty or *nolo contendere* may be accepted when:

. . . .

"(2) in felony cases the court has informed the defendant of the consequences of the plea . . . ; and

"(3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea . . . ."

In *Noble v. State,* 240 Kan. 162, 727 P.2d 473 (1986), we reiterated the rule that K.S.A. 22-3210 need not be strictly complied with where the purpose of the statute is served. Noble contended that the trial court had failed to determine that his plea was made voluntarily and with an understanding of the nature of the charges and the consequences of the plea. This court found that Noble's argument had no merit. When the transcript of Noble's plea hearing (240 Kan. at 165-67) is compared to the transcript of the hearing in Browning's case, a difference is observed. The *Noble* trial court asked Noble a number of specific and detailed questions.

Browning argues that the acknowledgment form cannot substitute for personal inquiry of the defendant as contemplated by K.S.A. 22-3210. In *United States v. Del Prete,* 567 F.2d 928 (9th Cir. 1978), the Ninth Circuit Court of Appeals discussed the requirements of Rule 11 of the Federal Rules of Criminal Procedure, which is the federal statutory equivalent to K.S.A. 22-3210:

"Requesting a defendant to review and sign a written document setting forth the advice required by rule 11(c) is a proper procedure that may be of substantial assistance to the defendant in understanding the consequences of his plea, but it is emphatically *not a substitute* for the clear dictates of the rule which requires that the trial judge address the defendant in open court as to each of such matters." (Emphasis added.) 567 F.2d at 930.

Browning also cites *State v. Fluhr,* 287 N.W.2d 857 (Iowa 1980). The Iowa statute is similar to that of Kansas. The Iowa Supreme Court stated:

"The record provides no evidence of an elicitation from defendant of his understanding of his particular constitutional trial rights, other than the right to a jury trial, or the penal consequences of the plea. Nor is he shown to have adequately understood the nature of the charge. *Nor was there sufficient inquiry into his comprehension of parts of the written plea form from which a compelling inference of understanding of the entire form might be drawn.* Under these circumstances, we conclude substantial compliance with the rule was not achieved, and therefore the conviction must be reversed." (Emphasis added.) 287 N.W.2d at 864-65.

The Iowa court in *Fluhr* also found that the written plea form could not be used to fill in gaps in the oral colloquy required by the statute. 287 N.W.2d at 865.

Although Browning entered a nolo contendere plea, the "Defendant's Acknowledgment of Rights and Entry of Plea" (a two-

page legal size form agreement) did not contain even one reference to "nolo contendere." Nolo contendere plea agreements should be labeled and described as nolo contendere plea agreements. A written document such as a plea agreement acknowledgment is encouraged; however, such an acknowledgment is emphatically not a substitute for the requirements of K.S.A. 22-3210.

At the time of the entry of his plea, Browning was being advised by two attorneys. Although Browning made some insinuations that his attorneys had lied to him, there is no evidence in the record that his representation was inadequate.

The second-degree murder conviction and the convictions on two counts of forgery arose from a single plea agreement. A reversal on the second-degree murder count vitiates the plea as to all counts. The result is similar in effect to a plea withdrawal.

At the hearing on the motion to withdraw the plea which was filed after sentencing, Browning's court-appointed attorney advanced additional argument as to why Browning should be allowed to withdraw his plea:

"At the time Mr. Browning entered this plea, he had in his mind the subjective understanding that a no contest plea was in fact a continuation of the not guilty plea that he had previously entered, and that he felt that since he. wasn't admitting guilt, he could continue to profess his innocence and bring the true perpetrator of this crime to justice."

Defense counsel then pointed out that, if the court granted the motion and allowed Browning to be tried, not only would Browning face the greater charge of first degree murder, but the possible invocation of the Habitual Criminal Act. He said that Browning was willing to take the risk.

Because we have set aside Browning's conviction of second-degree murder on jurisdictional grounds, we need not decide whether the trial court abused its discretion in denying Browning's motions to withdraw his plea. However, we have commented upon the plea withdrawal issue in order to share our views with the trial bench, prosecutors, and the criminal defense bar.

Because the trial court did not have jurisdiction, the plea is a nullity. Browning's convictions on all counts are void. The "risk" referred to by Browning's defense counsel is at hand.

Reversed.