(825 P.2d 537)

No. 66,133

STATE OF KANSAS, *Appellee*, v. RHONDA B. MOORE and MICHAEL L. MOORE, *Appellants*.

Opinion filed February 7, 1992.

*Roger L. Falk*, of Law Office of Roger L. Falk, P.A., of Wichita, for the appellants.

*Jeffrey E. Goering*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ELLIOTT, P.J., DAVIS, J., and HERBERT W. WALTON, District Judge, assigned.

DAVIS, J.: The defendants, Rhonda B. Moore and Michael L. Moore, appeal the denial of their motions to withdraw their guilty pleas, contending that the court erred by (1) accepting the pleas without complying with the provisions of K.S.A. 22-3210 and (2) by denying their motions to withdraw. We agree that the court failed to comply with the statutory requirements of K.S.A. 22-3210. We therefore reverse the convictions, vacate the pleas, and remand for trial.

K.S.A. 22-3210 provides:

"(a) Before or during trial a plea of guilty or nolo contendere may be accepted when:
(1) The defendant or counsel for the defendant enters such plea in open court; and
(2) in felony cases the court has informed the defendant of the consequences of the plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and
(3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and
(4) the court is satisfied that there is a factual basis for the plea."

In this case, the pleas were entered in open court, and there was sufficient information in the record for the trial court to conclude that there was a factual basis for the pleas. However, the court did not inform the defendants of the consequences of the pleas in open court on the record, nor did the court personally address the defendants and determine that the pleas were made voluntarily with understanding of the nature of the charges and the consequences of the pleas.

The State argues that, even though the court did not strictly comply with the statutory requirements, we may, based upon the entire record, conclude that the error is harmless because the pleas were knowingly and voluntarily made. *Trotter v. State*, 218 Kan. 266, 269, 543 P.2d 1023 (1975).

The United States Supreme Court, in *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), sets forth the minimal constitutional due process requirements which must

be met when a court accepts a guilty plea. Our Supreme Court has consistently recognized that K.S.A. 22-3210 embodies the due process requirements set forth in *Boykin*. Compliance with the statute insures that a defendant's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution have been protected. *State v. Browning*, 245 Kan. 26, 774 P.2d 935 (1989).

The State relies upon two cases to advance its contention that strict compliance with K.S.A. 22-3210 is not required as long as there is substantial compliance and the court is satisfied that the pleas were voluntarily and knowingly made. *Noble v. State*, 240 Kan. 162, 163, 727 P.2d 473 (1986); *Trotter v. State*, 218 Kan. at 269. In both cases, the court concluded that the deficiencies were not critical because the purpose of the statute was served. See 240 Kan. at 165; 218 Kan. at 269-70. Based upon the record in each case, the court was able to conclude that all requirements of the statute had in fact been met. Yet, *Noble* strongly recommended that records in such cases should affirmatively show that K.S.A. 22-3210 is complied with to establish that a plea is voluntarily and knowingly entered. 240 Kan. at 165.

In the more recent case of *State v. Browning*, 245 Kan. 26, the defendant appealed from a denial of his motion to withdraw a plea of guilty to second-degree murder and forgery for failure of the trial court to satisfy the requirements of K.S.A. 22-3210. The court reversed on other grounds and did not reach the issue. Yet, it is significant that the Supreme Court commented at length on this issue "in order to share our views with the trial bench, prosecutors, and the criminal defense bar." 245 Kan. at 34.

It is helpful in this case to echo those views in resolving this case:

"In *Boykin v. Alabama*, 395 U.S. 238, 243, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969), the United States Supreme Court said:

'Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. [Citation omitted.] Second, is the right to trial by jury. [Citation omitted.] Third, is the right to confront one's accusers. [Citation omitted.] We cannot presume a waiver of these three important federal rights from a silent record.'

"In *Trotter v. State*, 218 Kan. 266, 268, 543 P.2d 1023 (1975), this court said that K.S.A. 22-3210 was drafted to embody the requirements of due process as established in *Boykin*. In *Trotter* we said that, although we did not approve of anything but strict compliance with the statute, not every deviation requires reversal. 'If upon review of the entire record it can be determined that the pleas of guilty were knowingly and voluntarily made, the error resulting from failure to comply strictly with K.S.A. 22-3210 is harmless.' 218 Kan. at 269.

. . . .

"In *Noble v. State*, 240 Kan. 162, 727 P.2d 473 (1986), we reiterated the rule that K.S.A. 22-3210 need not be strictly complied with where the purpose of the statute is served. Noble contended that the trial court had failed to determine that his plea was made voluntarily and with an understanding of the nature of the charges and the consequences of the plea. This court found that Noble's argument had no merit. When the transcript of Noble's plea hearing (240 Kan. at 165-67) is compared to the transcript of the hearing in Browning's case, a difference is observed. The *Noble* trial court asked Noble a number of specific and detailed questions.

"Browning argues that the acknowledgment form cannot substitute for personal inquiry of the defendant as contemplated by K.S.A. 22-3210. In *United States v. Del Prete*, 567 F.2d 928 (9th Cir. 1978), the Ninth Circuit Court of Appeals discussed the requirements of Rule 11 of the Federal Rules of Criminal Procedure, which is the federal statutory equivalent to K.S.A. 22-3210:
'Requesting a defendant to review and sign a written document setting forth the advice required by rule 11(c) is a proper procedure that may be of substantial assistance to the defendant in understanding the consequences of his plea, but it is emphatically *not a substitute* for the clear dictates of the rule which requires that the trial judge address the defendant in open court as to each of such matters.' (Emphasis added.) 567 F.2d at 930.
"Browning also cites *State v. Fluhr*, 287 N.W.2d 857 (Iowa 1980). The Iowa statute is similar to that of Kansas. The Iowa Supreme Court stated:
'The record provides no evidence of an elicitation from defendant of his understanding of his particular constitutional rights, other than the right to a jury trial, or the penal consequences of the plea. Nor is he shown to have adequately understood the nature of the charge. *Nor was there sufficient inquiry into his comprehension of parts of the written plea form from which a compelling inference of understanding of the entire form might be drawn.* Under these circumstances, we conclude substantial compliance with the rule was not achieved, and therefore the conviction must be reversed.' (Emphasis added.) 287 N.W.2d at 864-65.
'The Iowa court in *Fluhr* also found that the written plea form could not be used to fill in gaps in the oral colloquy required by the statute. 287 N.W.2d at 865.

"Although Browning entered a nolo contendere plea, the 'Defendant's Acknowledgment of Rights and Entry of Plea' (a two-page legal size form

agreement) did not contain even one reference to 'nolo contendere.' Nolo contendere plea agreements should be labeled and described as nolo contendere plea agreements. A written document such as a plea agreement acknowledgment is encouraged; however, such an acknowledgment is emphatically not a substitute for the requirements of K.S.A. 22-3210." 245 Kan. at 31-34.

The State contends that the record demonstrates that defendants knowingly and voluntarily entered their pleas for the following reasons: First, the State points out that "the transcript of the hearing on the motion to withdraw plea reveals that there were two or three hours of plea negotiations before the defendants entered their pleas." The State argues that both defendants were aware of the nature of the charges because both defendants had gone through plea negotiations on several occasions.

Second, the State notes that the defendants both reviewed the acknowledgment of rights and entry of plea form with their attorney. Both signed this form and stated that they understood the contents of the form. The acknowledgment of rights and entry of plea form clearly lists the charges that the defendants were pleading to. As to the consequences of the pleas, the State argues that the defendants do not allege that they were ignorant of the consequences or that their attorney failed to inform them of these consequences. Finally, the consequences of the guilty plea with respect to defendants' rights are clearly spelled out in the acknowledgment of rights and entry of plea form.

The trial court did not inform the defendants that by their pleas they waived the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers as required by *Boykin* and K.S.A. 22-3210. *Browning* states that "[a] written document such as a plea agreement acknowledgment is encouraged; however, such an acknowledgment is emphatically not a substitute for the requirements of K.S.A. 22-3210." 245 Kan. at 34.

Kansas law does not require the trial court in accepting a plea of guilty or nolo contendere to follow a detailed checklist covering each and every aspect of K.S.A. 22-3210 before accepting the plea. Yet, a detailed checklist is the best way to insure compliance with K.S.A. 22-3210. The record must be unmistakably clear that every aspect of K.S.A. 22-3210 has been complied with in order

to reach a conclusion that the plea of a defendant is freely and voluntarily made. The entry of a guilty plea or nolo contendere plea is such a critical stage within our system of criminal justice that the only sure method of demonstrating that the plea is voluntarily and knowingly entered is for the trial judge to follow a detailed checklist covering every aspect of K.S.A. 22-3210. *Browning* and *Noble* say as much.

The record before us is woefully inadequate. There is simply no way we may credit the conversations that may have occurred between counsel and clients prior to the entry of pleas in open court to satisfy the requirements of K.S.A. 22-3210. Nor may we assume from a silent record or from signed acknowledgment of rights and entry of plea forms that the defendants' pleas were "made voluntarily with understanding of the nature of the charge and the consequences of the plea[s]." K.S.A. 22-3210(a)(3). The provisions of K.S.A. 22-3210 were not complied with by the court in accepting the pleas of guilty and the record before us does not demonstrate compliance with those statutory requirements. We therefore reverse the convictions, vacate the pleas entered, and remand for trial.