(840 P.2d 550)

No. 66,893

STATE OF KANSAS, *Appellee,* v. GEORGE E. ANZIANA, JR., *Appellant.*

—

Opinion filed November 6, 1992.

*Rebecca E. Woodman,* assistant appellate defender, and *Steven R. Zinn,* deputy appellate defender, for the appellant.

*Regina Y. Kane,* legal intern, *Debra Byrd,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before BRISCOE, C.J., BRAZIL and DAVIS, JJ.

DAVIS, J.: The defendant, George E. Anziana, Jr., appeals his conviction of aggravated sexual battery. He claims that the court erred in accepting his plea because it did not comply with K.S.A. 22-3210. We agree. Accordingly, we reverse and remand for trial.

K.S.A. 22-3210(a) permits a court to accept a guilty plea if the following conditions are met:

"(1) The defendant or counsel for the defendant enters such plea in open court; and

(2) in felony cases the court has informed the defendant of the consequences of the plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and

(3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and

(4) the court is satisfied that there is a factual basis for the plea."

Compliance is essential to protect a defendant's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. See *Boykin v. Alabama,* 395 U.S. 238, 243, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969); *State v. Moore,* 16 Kan. App. 2d 472, 473-74, 825 P.2d 537 (1992); *State v. Browning,* 245 Kan. 26, 31-32, 774 P.2d 935 (1989). We will not presume knowing and voluntary waiver of these rights on a silent record.

The district court did not inform the defendant of the consequences of his plea as required by K.S.A. 22-3210(a)(2). The court did not inform the defendant that by his plea he waived the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront his accusers.

The court did not inform the defendant of the potential maximum penalty that could be imposed if the court accepted his guilty plea as required by K.S.A. 22-3210(a)(2). Indeed, the only time the court mentioned the sentence was after it had accepted the plea and was imposing sentence.

Even though the written plea agreement explains the waiver of constitutional rights and the potential penalty, that written document is not a substitute for compliance with the statutory requirements. *State v. Moore,* 16 Kan. App. 2d at 476. See *Browning,* 245 Kan. at 34. The statute requires the court to inform the defendant of the consequences of his plea and the maximum penalty that could be imposed if the plea is accepted.

Finally, the court did not elicit sufficient information from the defendant to determine that the plea was knowingly and voluntarily entered as required by K.S.A. 22-3210(a)(3). The court's inquiry in this regard was limited to the following question: "Is there anything in your background that might lead me to believe that you are not mentally capable of understanding what you are getting yourself into here today by entering a plea of guilty?"

Such limited inquiry is not sufficient to establish that the defendant voluntarily entered his plea with an understanding of the consequences.

The State properly notes that the failure to strictly comply with the statutory requirements does not necessarily require reversal. See, *e.g., Noble v. State,* 240 Kan. 162, 165, 727 P.2d 473 (1986); *Trotter v. State,* 218 Kan. 266, 269, 543 P.2d 1023 (1975). To avoid reversal when the court has not strictly complied with the statutory requirements, however, the record must disclose that the defendant knowingly and voluntarily entered his plea. *Trotter,* 218 Kan. at 269.

In *Trotter,* the record disclosed that the court advised the defendant of the rights he waived by pleading guilty; the court determined that counsel had advised the defendant of the possible penalty and consequences of the plea; the State read the information on the record; and the court questioned the defendant to establish the factual basis for the plea. Similarly, in *Noble,* the court advised the defendant about the constitutional rights he waived by entering his guilty plea; the court confirmed that the defendant understood that the charges against him were made up of essential elements; the court asked the defendant if he admitted, of his own free will, all of the elements of the charges against him; and the court confirmed that the plea was not induced by threats or promises.

Reversed and remanded for trial.