REBECCA FRANK DALLET, J. (concurring).
*151 ¶46 I agree with the majority opinion that Javien Pegeese failed to demonstrate that the circuit court's plea colloquy was defective. However, I write separately because I urge this court to exercise its superintending authority, pursuant to Article VII, Section 3(1) of the Wisconsin Constitution, and prospectively require circuit courts to advise a defendant of each constitutional right being waived by pleading guilty. This court's superintending authority "endows this court with a power that is indefinite in character ... and limited only by the necessities of justice." Arneson v. Jezwinski, 206 Wis. 2d 217, 225, 556 N.W.2d 721 (1996). It is in the interest of justice that a circuit court advise a defendant of each constitutional right being waived to ensure that his or her guilty plea is being entered knowingly, intelligently, and voluntarily.
¶47 When a defendant pleads guilty, he or she "simultaneously waives several constitutional rights, including [the] privilege against compulsory self-incrimination, [the] right to trial by jury, and [the] right to confront [his or her] accusers." McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Even if defense counsel diligently reviews the Plea Questionnaire/Waiver of Rights form[1] with a defendant, a defendant may not understand each right. It is the duty of the circuit court, not defense counsel, to ascertain whether a defendant is knowingly, intelligently, and voluntarily waiving each right. As explained by this court in *152 State v. Bangert, 131 Wis. 2d 246, 272, 389 N.W. 12 (1986), "[i]t is incumbent upon the trial court to inform the defendant of his rights *606 and ascertain that he understands they are being waived."
¶48 In Bangert, 131 Wis. 2d at 270-71, 389 N.W.2d 12, we exercised our supervisory powers to require circuit courts to "follow the provisions set forth in Wis. JI-Criminal SM-32 (1985), Part V, Waiver of Constitutional Rights, or specifically refer to some portion of the record or communication between defense counsel and defendant which affirmatively exhibits defendant's knowledge of the constitutional rights he will be waiving." As in Bangert, I reaffirm Special Materials 32 as the gold standard for conducting a plea colloquy.
¶49 Special Materials 32 illustrates a thorough plea colloquy.[2] The "Waiver of Constitutional Rights" portion reads as follows:
By pleading guilty, you admit that you committed the crime and, thus, you relieve the state of proving at a trial that you committed the crime, and by pleading guilty you also waive-that is, you give up-important constitutional rights.
First, you give up your right to have the state prove that you committed each element of the crime. The state must convince each member of the jury beyond a reasonable doubt that you committed the crime. Do you understand that?
You have a constitutional right not to incriminate yourself, which means, you have a right not to admit to a crime, not to say anything that will subject you to a criminal penalty. By pleading guilty, you give up this *153 privilege not to incriminate yourself, and if the court accepts your plea of guilty, you will be convicted, and the court can impose sentence against you. Do you understand that?
You have a constitutional right to confront your accusers, which means you have the right to face the witnesses against you, to hear their sworn testimony against you, and to cross-examine them by asking them questions to test the truth and accuracy of their testimony. If the court accepts your plea of guilty, you give up your right to confront your accusers. Do you understand that?
You have the right to present evidence in your own behalf and to require witnesses to come to court and testify for you. Do you understand that?
Knowing that by pleading guilty, you give up your constitutional right to a trial by jury, your constitutional right not to incriminate yourself, and your constitutional right to confront the witnesses against you and to subpoena witnesses, do you still wish to plead guilty?"
Wis JI-Criminal SM-32 (2007).
¶50 A requirement that a circuit court inform a defendant of each constitutional right being waived by pleading guilty does not put form over substance or require "magic words," as the majority opinion suggests. Majority op., ¶41. The Special Materials do not need to be read verbatim;[3] instead, a circuit court should verify that the defendant understands and agrees to waive each constitutional right implicated in entering a guilty plea, as the Bangert court intended.
*154 The circuit court must be more than just "mindful" of the suggested plea colloquy in Special Materials 32, majority op., ¶41 n.8, it should attempt to *607 encapsulate its thorough explanation of the waiver of rights.
¶51 The vast majority of states and the federal courts have recognized the importance of requiring a circuit court to advise a defendant of the constitutional rights being waived by pleading guilty to a felony. See Fed. R. Crim. P. 11(b)(1)(B)-(F). Some states implement this requirement pursuant to statute. See, e.g., Alaska R. Crim. P. 11 ; Ark. R. Crim. P. 24.4 ; Colo. R. Crim. P. 5(a)(2) & 11 ; Conn. Practice Book § 39-19 ; Del. Super. Ct. R. Crim. 11; Fla. R. Crim. P. 3.172 ; Il. S. Ct. Rule 402 ; Ind. Code Ann. § 35-35-1-2 ; I. C. A. Rule 2.8 ; La. Code Crim. Proc. Ann. art. 556.1 ; Me. R. U. Crim. P. 11; Mass. R. Crim. P. 12 ; Minn. R. Crim. P. 15.01 ; Miss. R. Crim. P. 15.3(d)(3); Mo. R. Crim. P. 24.02 ; N.C. Gen. Stat. Ann. § 15A-1022 ; N.D. R. Crim. P. 11 ; Ohio R. Crim. P. 11 ; O.R.S. § 135.385 (Oregon); S.D.C.L. § 23A-7-4 ; Tenn. R. Crim. P. 11 ; Vt. R. Crim. P. 11 ; W. Va. R. Crim. P. 11 ; Wyo. R. Crim. P. 11.
¶52 Other states implement this requirement pursuant to case law. See, e.g., People v. Cross, 61 Cal.4th 164, 187 Cal.Rptr.3d 139, 347 P.3d 1130, 1132 (2015) ("As a prophylactic measure, the court must inform the defendant of three constitutional rights-the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers-and solicit a personal waiver of each"); Edmonds v. Commonwealth of Ky., 189 S.W.3d 558, 565 (Ky. 2006) ; State v. Solomon, 111 P.3d 12 (Haw. 2005) ; State ex rel. T.M., 166 N.J. 319, 765 A.2d 735, 739-740, 744 (2001) ; State v. Garcia, 121 N.M. 544, 915 P.2d 300, 303 (1996) ; State v. Anziana, 17 Kan.App.2d 570, 840 P.2d 550, 552 (1992) (reading specific constitutional *155 rights into statutory "consequences of [ ] plea" language); State v. Irish, 223 Neb. 814, 394 N.W.2d 879, 883 (1986) ; State v. Levario, 118 Ariz. 426, 577 P.2d 712, 713 (1978) (partly defining "constitutional rights" language in Ariz. R. Crim. P. 17.2 ); Commonwealth of Pa. v. Willis, 471 Pa. 50, 369 A.2d 1189 (1977) ; King v. State, 553 P.2d 529, 534-35 (Okla.Crim.App. 1976) (requiring an advisement by the court as to the list of constitutional rights being waived).
¶53 A requirement that a circuit court advise a defendant of each constitutional right being waived by pleading guilty would respect the gravity of a defendant's decision to plead guilty and ensure that the decision is being made knowingly, intelligently, and voluntarily. Wisconsin should join the majority of jurisdictions from around the country and adopt this requirement.
¶54 Accordingly, I respectfully concur.
¶55 I am authorized to state that Justice ANN WALSH BRADLEY joins this concurrence.

See Form CR-227. This form was adopted by the Judicial Conference pursuant to Wis. Stat. §§ 971.025 and 758.18(1).

The current section of Special Materials 32 addressing a defendant's waiver of constitutional rights is nearly identical to the version referenced in State v. Bangert, 131 Wis. 2d 246, 271 n.5, 389 N.W. 12 (1986).

The Special Materials note that the questions and statements are merely suggestions and that "judges will undoubtedly want to tailor them to the case at hand and develop others of their own." Wis JI-Criminal SM-32 (2007).