NOT DESIGNATED FOR PUBLICATION

No. 119,182

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GILBERTO SANCHEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed August 23, 2019. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: After appointing counsel and conducting a non-evidentiary hearing, the district court summarily denied Gilberto Sanchez' postsentencing motion to set aside his conviction or, alternatively, withdraw his plea. The district court held that Sanchez' motion was time barred yet Sanchez had failed to establish excusable neglect which would allow review of his untimely motion. It also held that Sanchez did not establish manifest injustice as was necessary to withdraw his plea. Sanchez appeals, arguing, among other matters, that the district court abused its discretion by finding Sanchez failed

1

to establish excusable neglect. Because we agree that Gonzalez failed to show excusable neglect, we affirm the dismissal of his untimely motion.

*Factual and Procedural Background*

In 1986, Sanchez was charged with one count of burglary and one count of misdemeanor theft. Sanchez pleaded guilty to both counts and signed an acknowledgement of rights and entry of plea form. Sanchez was sentenced to a suspended term of 2 years in prison and 12 months' probation. After successfully completing the terms of his probation, Sanchez was released from probation in 1988.

At some point, Sanchez, who had apparently entered the United States illegally, contacted an immigration attorney to seek legal status in the United States. He later moved to set aside his convictions and withdraw his plea. But that was 30 years after his release from probation in 1988. Sanchez argued that the district court had violated K.S.A. 22-3210, that excusable neglect excused the untimeliness of his motion, that manifest injustice warranted his withdrawal of his plea, that his counsel had been ineffective, and that his due process rights had been violated.

The district court held a hearing. There, Sanchez explained that his motion was to set aside his convictions rather than to withdraw his plea because he had not validly entered a plea and thus had no need to withdraw it. In the alternative, Sanchez argued he should be allowed to withdraw his plea for these reasons:

- The district court lacked statutory authority and jurisdiction to accept his plea;
- the court had made up its own definitions of burglary and theft;
- the court had failed to notify him of the rights he was waiving or the consequences of his plea; and

- the plea hearing violated his rights to be informed of collateral consequences of a plea as established in *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).

Finally, Sanchez argued that excusable neglect excused the untimeliness of his motion because he had lacked effective assistance of counsel at the time of his plea and because the district court had failed to comply with K.S.A. 22-3210.

The district court denied Sanchez' motion. It found that the motion did not raise an issue of jurisdiction because Sanchez had validly entered a plea, had been convicted and released, and his case was then closed. The court held that Sanchez' motion was untimely and that he had failed to show excusable neglect, emphasizing the 30 years Sanchez had waited to file his motion to set aside his convictions. The court also held that Sanchez failed to show manifest injustice to withdraw his plea. Sanchez appeals.

*Jurisdictional Concerns*

An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, we must dismiss the appeal. *State v. Delacruz*, 307 Kan. 523, 529, 411 P.3d 1207 (2018). If the district court lacked jurisdiction to enter an order, we do not acquire jurisdiction over the subject matter on appeal. *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004). Whether jurisdiction exists is a question of law over which our scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

In his motion, Sanchez argued that the district court lacked jurisdiction to convict him because he did not "personally plead 'guilty' . . . in open court and on the record." Instead, Sanchez answered affirmatively when the district court inquired into his guilt. Sanchez contended the district court lacked jurisdiction because it failed to comply with

3

K.S.A. 22-3210's requirement that a court may accept a plea of guilty when the defendant enters such plea in open court.

But Sanchez cites no authority for his proposition that the district court lacked jurisdiction merely because he did not utter the word "guilty" when entering his plea. The plain language of the statute does not require recitation of that word. It thus permits a defendant to enter a plea in open court by responding to a court's inquiry, instead of by affirmatively articulating that, or any, specific words. But even if the plain language of the statute required a defendant to state "guilty," an insufficient factual basis for a plea does not eliminate a court's jurisdiction. *Mondragon v. Kansas*, No. 117,010, 2018 WL 793506, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 308 Kan. 1595 (2018); *State v. Longbine*, No. 110,464, 2014 WL 5347344, at *6 (Kan. App. 2014) (unpublished opinion); *State v. Easterling*, No. 110,009, 2014 WL 1707992, at *3 (Kan. App. 2014) (unpublished opinion). Similarly, a failure to comply with this requirement under K.S.A. 22-3210 would not eliminate the district court's jurisdiction, which is based in the Kansas Constitution. See *State v. Robertson*, 309 Kan. 602, 604, 439 P.3d 898 (2019). We find that the district court properly exercised its subject matter jurisdiction.

*The District Court Properly Denied Sanchez' Untimely Postsentence Motion.*

Sanchez argued to the district court that it should permit him to withdraw his plea because the district court had improperly accepted his plea in violation of K.S.A. 22-3210 and because he had ineffective assistance of counsel at the time. Sanchez also argued that neither the district court nor his attorney had adequately advised him of the consequences of his plea as it related to his immigration status, in violation of *Padilla*. Sanchez acknowledges that his motion to withdraw his plea was filed outside the applicable one-year limitation. However, he argues excusable neglect for the motion's untimeliness because he was unaware that he "need[ed] to withdraw his plea until it became an issue in his immigration status."

4

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2018 Supp. 22-3210(d)(2). Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018). But because the district court summarily denied Sanchez' postsentence motion to withdraw his plea without taking additional evidence, our review is de novo. This is because we have the same access to the motions, records, and files as did the district court. *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014).

As noted above, our statute permits a district court to allow a defendant to withdraw his or her plea after sentencing to prevent manifest injustice. But a postsentence motion to withdraw a plea must be filed within one year of either:

> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition."
> K.S.A. 2018 Supp. 22-3210(e)(1).

See *State v. Moses*, 296 Kan. 1126, 1128, 297 P.3d 1174 (2013). The court may extend this one-year time limit only "upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2018 Supp. 22-3210(e)(2).

Sanchez was sentenced on March 5, 1987, and he did not appeal. The Legislature amended K.S.A. 22-3210, adding the one-year filing limitation in 2009. See L. 2009, ch. 61, § 1. In *State v. Benavides*, 46 Kan. App. 2d 563, 263 P.3d 863 (2011), this court concluded that the one-year statute of limitations did not begin to run for preexisting claims until the date the amended statute became effective. 46 Kan. App. 2d 563, Syl. ¶ 3. Our Supreme Court approved that holding in *State v. Szczygiel*, 294 Kan. 642, 644, 279

P.3d 700 (2012). Because the one-year limitations statute became effective on April 16, 2009, Sanchez had until April 16, 2010 to timely file his postsentence motion to withdraw his plea. See L. 2009, ch. 61, § 1, 5; *State v. Davisson*, 303 Kan. 1062, 1066, 370 P.3d 423 (2016). But Sanchez waited more than seven years past that date to move to withdraw his plea—January 8, 2018. Sanchez filed his motion to withdraw his plea long after the one-year statutory time limit had run. Because Sanchez' motion was untimely, the district court could review it only if Sanchez showed excusable neglect for failing to timely file his motion.

*Sanchez Must Establish Excusable Neglect for His Untimely Motion.*

Excusable neglect requires "something more than unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind." *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 65, 523 P.2d 351 (1974). "'Excusable neglect requires some justification for an error beyond mere carelessness or ignorance of the law on the part of the litigant or his attorney.'" *Davisson*, 303 Kan. at 1069 (quoting *Whitefish Credit Union v. Sherman*, 367 Mont. 103, 109, 289 P.3d 174 [2012]). The showing of excusable neglect must justify why the defendant waited until after the one-year deadline before filing his motion. See *State v. Edwards*, No. 115,612, 2017 WL 4081449, at *3 (Kan. App. 2017) (unpublished opinion), *rev. denied* 308 Kan. 1597 (2018).

Although neither our statutes nor our published Kansas cases define excusable neglect in the context of a postsentence motion to withdraw a plea under K.S.A. 2018 Supp. 22-3210(e)(2), panels of this court have relied on the following definition in determining similar cases:

> "'"[*E*]xcusable neglect . . . A failure—which the law will excuse—to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the par[t]y's own carelessness, inattention, or willful disregard of the court's process, but

because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party." Black's Law Dictionary 1133 (9th ed. 2009).

"'This definition is consistent with Kansas cases applying K.S.A. 60-206 and K.S.A. 60-260, both of which use the term excusable neglect. See *Tyler v. Cowen Construction, Inc.*, 216 Kan. 401, 406-07, 532 P.2d 1276 (1975); *Wilson v. Miller*, 198 Kan. 321, 322-23, 424 P.2d 271 (1967). . . . Although these definitions are found in civil cases, our court has conversely examined criminal cases when defining "manifest injustice" under K.S.A. 60-1507(f)(2), which is part of the civil code. See *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007).'" *State v. Romero*, No. 112,891, 2016 WL 463783, at *2-3 (Kan. App. 2016) (unpublished opinion) (appealing order denying untimely postsentence motion to withdraw a guilty plea).

See *State v. Reed*, No. 111,663, 2015 WL 4716290, at *3-4 (Kan. App. 2015) (unpublished opinion). We are guided by those decisions here.

*Sanchez Failed to Establish Excusable Neglect.*

Sanchez argues that excusable neglect exists because he did not know he needed to withdraw his plea until issues arose about his immigration status. Sanchez explained that while seeking legal status in the United States, he contacted an immigration attorney who told Sanchez he would need to withdraw his plea.

The State asserts that this argument is foreclosed by our Supreme Court's decision in *Davisson*, 303 Kan. at 1070. *Davisson* held that a defendant's ignorance about the possibility of withdrawing his plea or its statutory deadline fails to establish excusable neglect, as is necessary here. Sanchez knew he could withdraw his plea but argues he was ignorant of his need to do so until 30 years after he pleaded. Here, as in *Davisson*, Sanchez' ignorance of the law is insufficient to establish excusable neglect.

7

Sanchez was told in writing at the time of his plea that his conviction of a criminal offense may result in his deportation from the United States. His acknowledgment of rights and entry of plea form unambiguously advised him that his plea could affect his immigration status. Sanchez' signed acknowledgement warned: "I . . . understand that if I am not a United States citizen, a conviction of a criminal offense may result in deportation from the United States or exclusion from admission to the United States and/or denial of naturalization." By signing the acknowledgment of rights form at the time of his plea, Sanchez received clear warning that his immigration status was at risk. He offers no reason for not investigating the effect of his plea on his immigration status before 30 years passed.

In *Padilla*, the United States Supreme Court held that a criminal defense attorney provides ineffective assistance of counsel by failing to advise the defendant about clear immigration ramifications of a particular strategic choice or by misinforming the defendant about them. If the immigration consequences are "unclear or uncertain," the lawyer has an obligation to tell the defendant the "criminal charges may carry a risk of adverse immigration consequences." 559 U.S. at 369. The acknowledgement of rights and entry of plea form that Sanchez signed told him his convictions carried a risk of adverse immigration consequences. Yet Sanchez has not explained why he waited 30 years to seek legal advice about the effect of his convictions on his immigration status. Cf. *State v. Gonzalez*, 56 Kan. App. 2d 1225, 1230-31, 444 P. 3d 362 (2019) (finding that by signing acknowledgment of rights form at time of his plea, defendant received clear warning his deportation was likely), *petition for review filed* June 28, 2019.

Sanchez intertwines his substantive arguments about why he should be allowed to withdraw his plea with his procedural arguments about excusable neglect for his untimely motion. We rejected a similar argument in *State v. Marshall*, No. 112,875, 2016 WL 197744, at * 4-5 (Kan. App. 2016) (unpublished opinion). As did the defendant in

*Marshall*, Sanchez fails to show how the alleged errors at his plea hearing somehow excuse his neglect in not timely filing his motion.

Sanchez argues that this court's decision in *State v. Anziana*, 17 Kan. App. 2d 570, 840 P.2d 550 (1992), is an intervening change in the law which compels us to reverse the district court's holding. But Sanchez admits that he did not raise this argument to the district court. Although Sanchez argues that two exceptions exist which permit us to reach the merits of this unpreserved claim, he fails to explain why those exceptions apply and why these arguments were not raised below. As such, we deem Sanchez' argument to be abandoned. See Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34) (requiring an appellant to explain why an issue was not raised below and should be considered for the first time on appeal); *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (requiring strict enforcement of Rule 6.02[a][5]); *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014) (providing litigants who fail to comply with Rule 6.02[a][5] risk a ruling that the issue is improperly briefed, and the issue will be deemed waived or abandoned).

But even had we considered the merits of this argument, Sanchez would not have prevailed. In *Anziana*, we held that the district court failed to adhere to the statutory requirements of K.S.A. 22-3210 for accepting a plea. *Anziana* involved the same district court judge as the one here, and a strikingly similar plea colloquy that we found to be legally insufficient. And here, the district court failed to notify the defendant of the potential maximum penalty that could be imposed if the court accepted Sanchez' guilty plea, violating K.S.A. 22-3210(a)(2)'s requirement. So *Anziana* may provide some support for Sanchez' manifest injustice argument that the evidence fails to show that his plea was both knowing and voluntary.

Still, *Anziana* involved the merits of a direct appeal from the defendant's plea. Here, in contrast, Sanchez has the burden to establish excusable neglect before we can

9

reach the due process or other issues posed by *Anziana.* The procedural errors at the plea hearing may or may not establish that the district court failed to comply with K.S.A. 22-3210. But they do not establish excusable neglect as needed to allow the district court's review of Sanchez' untimely motion. See *Marshall*, 2016 WL 197744, at *3-5.

Sanchez' *Anziana* argument does not assist Sanchez in showing excusable neglect. *Anziana* was decided in 1992 yet Sanchez did not file his motion until 2018. Sanchez fails to explain why he waited more than seven years after the April 2010 deadline, as detailed above. Ignorance of the law is no excuse. Under the circumstances, Sanchez fails to establish excusable neglect for his untimely filing.

Because Sanchez failed to show excusable neglect as is necessary to permit him to file his motion to withdraw his plea beyond the statutory one-year time limitation, we affirm the district court's holding that his motion to withdraw his plea was untimely and thus procedurally barred.

Affirmed.