No. 91,999

STATE OF KANSAS, *Appellee*, v. DANNY E. BEAUCLAIR, *Appellant*.

(130 P.3d 40)

Opinion filed March 17, 2006.

*John A. Fakhoury*, of Fakhoury Law Office, argued the cause and was on the briefs for appellant.

*Amy M. Memmer*, assistant district attorney, argued the cause, and *Robert D. Hecht*, district attorney, and *Phill Kline*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

Nuss, J.: Two years after Danny E. Beauclair pled no contest to one count of rape of a child under 14 years of age and one count of aggravated criminal sodomy of a child under 14 years of age, he filed a motion to withdraw his pleas. Among other things, he alleged that the district court had under informed him of the possible minimum and maximum sentences at his plea hearing and that as a result, his pleas were not knowing and voluntary. After the district court denied Beauclair's motion, he appealed, and the Court of Appeals reversed. *State v. Beauclair*, No. 91,999, unpublished opinion filed July 29, 2005, slip op. at 3-4. We granted the State's petition for review under K.S.A. 20-3018(b).

The sole issue on appeal is whether the district court abused its discretion when it denied Beauclair's motion to withdraw his pleas. We affirm the district court, reverse the Court of Appeals, and remand to the Court of Appeals for determination of other issues raised by Beauclair but not addressed by that court.

## FACTS

In November 1999, Danny Beauclair was charged with one count of rape of a child under 14 years of age, in violation of K.S.A. 1999 Supp. 21-3502(a)(2), and one count of aggravated criminal sodomy of a child under 14 years of age, in violation of K.S.A. 21-3506(a)(1). That same month Gwynne Harris was appointed as his defense counsel. In February 2001, the complaint was amended to include an additional count of rape of a child. Following preliminary hearings on February 27 and March 2, 2001, the case was bound over for trial.

On August 13, 2001, during selection of a jury for Beauclair's trial, he decided to plead no contest. According to an affidavit later provided by defense counsel Harris, "In arriving at the plea agreement, Defendant was advised as to what the sentence guidelines provided and what he could expect the court to consider" under the 1998 sentencing guidelines. Per Harris' affidavit, she specifically informed Beauclair that for a defendant with no criminal history, the sentencing ranges were 184-206 months minimum for the rape charge, a level one offense, and 136-154 months minimum for the aggravated sodomy charge, a level 2 offense. Her affidavit

also states that Beauclair was advised of the 1999 sentencing guidelines, which provide lesser penalties for these crimes.

The next day, August 14, Beauclair and Harris attended a plea hearing. Beauclair entered a no contest plea to one count of rape of a child under 14 and one count of aggravated criminal sodomy of a child under 14. In exchange for the plea, the State agreed to dismiss the second count of rape. The transcript reveals:

"THE COURT: All right. And is this arrangement satisfactory with the victims and their families?

"MR. HECHT [For the State]: It is my understanding that it is, Your Honor.

"THE COURT: All right, okay. Miss Harris, is that your understanding of the negotiations in this matter?

"MS. HARRIS: That is my understanding, Your Honor. We would concur with the recommendation for the [K.S.A.] 22-3429 evaluation [mental examination, evaluation, and presentence report]. We believe that it is needed for a more in-depth presentence investigation report to aid the Court. *"I have gone over this extensively with Mr. Beauclair,* as well as his family. They too agree that in light of the plea agreement, that a 3429 evaluation should be in order.

. . . .

"THE COURT: And you have been represented by counsel throughout the proceedings herein. Are you satisfied with her representations of you, and are you satisfied that you have been treated fairly by the Court?

"DEFENDANT BEAUCLAIR: Yes, sir." (Emphasis added.)

Prior to accepting the plea on August 14, the court questioned Beauclair regarding the rights that he would be waiving with his plea. Because Beauclair's criminal history was unknown at the time, the court also informed him that the rape charge carried a possible sentence of 147 months' to 653 months' imprisonment and that the aggravated sodomy charge carried a possible sentence of 109 months to 493 months. These minimum and maximum sentences correspond with the 1999 sentencing guidelines. Beauclair stated he understood the potential sentence and that he faced a long time in prison. The court accepted the pleas after determining they were made voluntarily. Sentencing later was set for November 2001.

On November 16, however, the district court ordered both counsel to file legal memoranda by December 14 on the issue of which year's sentencing guidelines applied to Beauclair—1998 or 1999. According to the court's docket sheet in the record on appeal,

·Beauclair and Harris both appeared in person at the hearing where the order was issued. The court then postponed the sentencing hearing until January 1, 2002. The docket sheet reveals that both Harris and the State timely filed their memoranda concerning the applicable sentencing guidelines.

On February 27, 2002, the district court conducted the sentencing hearing attended by the State, Beauclair, Harris, and two additional defense counsel, William Rork and John Fakhoury. While no journal entry is contained in the record on appeal memorializing the court's decision on which year's sentencing guidelines apply—1998 or 1999—the following colloquy reveals that not only had the 1998 version been judicially determined as correct but that it also had been agreed to as correct by the State and the defense:

"THE COURT: . . . The defendant is before the Court for sentencing. There has been a motion to withdraw—or there has been a motion to depart and supplement thereto, and the State has responded to each of those in opposition thereto. *We have previously determined* that the sentencing guideline material and statistics are that the defendant . . . has a criminal history of [I], and there are two offenses herein. The—let's see, the first is sexual intercourse with a child, carrying a 184 to 206 month sentence of incarceration. The other offense is aggravated sodomy, which is a level two severity offense, carrying a sentencing range of 136 to 154. Again, the criminal history is I. There is a presumption of probation. The sexual intercourse with a child is a level one severity level.

"*Has that all* [minimums under the 1998 guidelines] *been agreed to as determined by the Court?*

"MR. HECHT [For the State]: *I think that's been both agreed to and determined by the Court,* but I think the Court misspoke yourself when you said as to aggravated sodomy, that it was presumptive probation.

"THE COURT: Okay. Both of the crimes of conviction are presumption of prison.

"MR. HECHT: Yes.

"THE COURT: Okay. Mr. Rork [Defense Counsel with Harris], do you wish to be heard, then, on your motion to depart?

"MR. RORK: Yes, Your Honor, I have two brief witnesses.

"THE COURT: All right. Go ahead." (Emphasis added.)

Neither Beauclair nor his counsel Rork, Harris, or Fakhoury, objected to the court's statement regarding the court's determination of, and the parties' agreement to, the 1998 sentencing guidelines' applicability. Nor did they object to the prosecutor's state-

ment confirming the court's determination and the parties' agreement.

Later in the hearing, Beauclair was sentenced under these 1998 sentencing guidelines: the maximum penalty for the rape charge was 816 months' imprisonment and the maximum for the aggravated sodomy charge was 616 months. Based upon Beauclair's criminal history score of "I" (no prior history), he was sentenced to concurrent minimum terms of 184 months for the rape charge and 136 months for the aggravated sodomy charge. These punishments revealed that on the rape charge, Beauclair received a minimum sentence 37 months greater than the minimum that he had been told by the court at the plea hearing; on the sodomy charge, he received a minimum sentence, although concurrent, 27 months greater than the minimum that he previously had been told by the court.

On October 31, 2003, approximately 20 months after Beauclair's sentencing, he filed a motion to withdraw his plea. In support, he argued that: (1) his plea was not knowing and voluntary because he was misinformed about the maximum and minimum sentences that could be imposed due to the court's reading from the wrong sentencing guidelines at the plea hearing; (2) his plea was not made knowingly and voluntarily due to his mental health condition; (3) the court erred in failing to determine a factual basis for the plea; and (4) the victim's sworn statement exonerated him.

In December 2003, the State filed a memorandum opposing Beauclair's motion. It attached the affidavit by Harris (now Harris-Birzer) signed December 12, 2003, which states in relevant part:

"6. I was appointed to represent this Defendant in November of 1999 and continuously represented him thereafter to and including his plea, which occurred during the voir dire and jury selection process, and through sentencing.

"7. During plea discussions, I fulfilled my professional obligation of advising the Defendant of the charges, the nature and elements thereof and discussed fully his available defenses *and the sentence possibilities that he was confronting.*

"8. *In arriving at the plea agreement, Defendant was advised as to what the sentence guidelines provided and what he could expect the Court to consider— for offenses committed prior to July 1, 1999,* [1998 guidelines] *these offenses, for a Level 1 offense* [rape] *with a criminal history I, the range would be 184 to 206 months, and for Level 2 offense* [aggravated sodomy] *with a criminal history I,*

*the sentence range would be 136 to 154 months. And he was advised of the 1999 Sentencing Guidelines.*

*"[9.] Defendant was properly advised and in my professional opinion, he understood the charges as well as the potential penalties he could face with the 1999 and 1999 sentencing guidelines. Knowing that, the Defendant decided to enter his plea of 'no contest.'"* (Emphasis added.)

After a December hearing, the district court denied the motion in an order dated February 25, 2003. It acknowledged that instead of reading from the 1998 guidelines at the plea hearing, it had actually read from the 1999 guidelines. It opined that "[a]lthough the plea proceeding did not go 'by the book,' it nevertheless complied with K.S.A. 22-3210 and protected Defendant's constitutional rights." Beauclair timely appealed.

The Court of Appeals held that Beauclair did not knowingly and voluntarily enter his plea due to the district court's error in advising Beauclair of the maximum sentences as required by K.S.A. 2005 Supp. 22-3210. It therefore determined that the district court abused its discretion in denying Beauclair's motion to withdraw his plea. *State v. Beauclair,* No. 91,999, unpublished opinion filed July 29, 2005, slip op. at 3-4. It did not address Beauclair's other three appellate arguments taken from his motion to withdraw.

## ANALYSIS

Issue: *Did the district court abuse its discretion in denying Beauclair's motion to withdraw his pleas?*

### Standard of Review

We recently addressed this issue in *State v. Moses,* 280 Kan. 939, 945, 127 P.3d 330 (2006), where we stated:

"Motions to withdraw pleas are governed by K.S.A. 2004 Supp. 22-3210(d) which states:

'A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea.'

"Under subsection (d) of 22-3210, the court may permit a defendant to withdraw a guilty plea after sentencing if doing so will correct a manifest injustice. The decision to deny a motion to withdraw a plea, even after sentencing, lies within the discretion of the trial court, and that decision will not be disturbed on

appeal absent a showing of abuse of discretion. *State v. Murithi*, 273 Kan. 952, 955, 46 P.3d 1145 (2002); *State v. Stough*, 273 Kan. 113, 119, 41 P.3d 281 (2002). Discretion is abused only when no reasonable person would take the view adopted by the district court. The defendant bears the burden of establishing such an abuse of discretion. *State v. Sanchez-Cazares*, 276 Kan. 451, 454, 78 P.3d 55 (2003) (citing *State v. Bey*, 270 Kan. 544, 545-46, 17 P.3d 322 [2001])."

## Compliance with K.S.A. 2005 Supp. 22-3210

Subsection (a) of K.S.A. 2005 Supp. 22-3210 sets out the requirements for accepting a guilty plea:

"(a) Before or during trial a plea of guilty or nolo contendere may be accepted when:
(1) The defendant or counsel for the defendant enter such plea in open court; and
(2) in felony cases *the court has informed the defendant of the consequences of the plea, including the specific sentencing guidelines level of any crime committed on or after July 1, 1993, and of the maximum penalty provided by law which may be imposed upon acceptance of such plea;* and
(3) in felony cases the court has addressed the defendant personally and *determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea;* and
(4) the court is satisfied that there is a factual basis for the plea." (Emphasis added.)

Beauclair contends that his plea was not knowingly and voluntarily given because he was misinformed by the court of the appropriate sentencing ranges, *i.e.,* the potential sentencing consequences. He argues that the district court not only failed to advise him of the correct maximum penalty as required by the express language of K.S.A. 2005 Supp. 22-3210(a)(2), but also of the correct minimum penalty as implied by K.S.A. 2005 Supp. 22-3210(a)(2)'s "consequences of the plea." He cites *State v. Dighera*, 22 Kan. App. 2d 359, 363, 916 P.2d 68, *rev. denied* 260 Kan. 997 (1996) (" '[C]onsequences of the plea' . . . embodies the understanding that the guidelines sentencing range is a consequence of which a defendant must be informed prior to the court's acceptance of a guilty plea.").

At oral arguments before this court, Beauclair's counsel suggested that his client had relied upon the district court's under informing him of the minimum sentences (per the 1999 guidelines)

in deciding to plead no contest. Beauclair suggests that had he been correctly informed of the minimum sentences (per the 1998 guidelines)—which actually exceeded what he had mistakenly been told by 37 months—he would not have entered a no contest plea. Accordingly, the district court should have granted his motion to withdraw his plea. The State essentially argues that under the totality of the circumstances, the statutory requirements were substantially satisfied.

As we stated in *State v. Moses*, 280 Kan. at 946:

"K.S.A. 22-3210 was enacted to ensure compliance with the due process requirements set out by the Court in *Boykin* [*v. Alabama*, 395 U.S. 238, 243, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969)]. *State v. Heffelman*, 256 Kan. 384, 391, 886 P.2d 823 (1994); *Trotter v. State*, 218 Kan. 266, 268, 543 P.2d 1023 (1975). Although Kansas courts had long held that a plea of guilty had to be both knowing and voluntary to satisfy the requirements of due process, *Boykin* added the requirement " 'that the record must affirmatively disclose" a knowing and voluntary plea.' *Trotter*, 218 Kan. at 268-69, 543 P.2d 1023."

Thus, K.S.A. 2005 Supp. 22-3210(a)(2) and (3) require the court to inform the defendant of the consequences of his or her plea, including the specific sentencing guidelines level of any crime committed, and of the maximum penalty which may be imposed, as well as to determine that the defendant voluntarily entered the plea with an understanding of the consequences. See *State v. Shaw*, 259 Kan. 3, 14, 910 P.2d 809 (1996) (the record must show that the defendant was aware of the consequences of his or her plea); *State v. Moore*, 16 Kan. App. 2d 472, 476, 825 P.2d 537, *rev. denied* 250 Kan. 807 (1992) (22-3210 requires the court to determine the pleas were made with understanding of the consequences).

The State concedes that the district court failed to strictly comply with the requirements of K.S.A. 2005 Supp. 22-3210(a)(2), *e.g.*, it did not correctly inform Beauclair of the maximum penalty at the plea hearing. However, it points out that the failure to strictly comply with the statute does not warrant reversal if, upon review of the entire record, it can be determined that the pleas were knowingly and voluntarily made. *Trotter v. State*, 218 Kan. 266, 269, 543 P.2d 1023 (1975) (failure to strictly comply with 22-3210 is harm-

less if, upon review of the entire record, it can be determined that the pleas were knowingly and voluntarily made); see also *Noble v. State*, 240 Kan. 162, 164, 727 P.2d 473 (1986) (strict compliance with 22-3210 not mandatory if purpose of rule otherwise served). Accordingly, the State argues that review of the entire record, which includes the affidavit of Beauclair's defense counsel, Harris, demonstrates his pleas were made with a full understanding of the consequences faced.

In denying Beauclair's motion, the district court wrote:

"It is uncontroverted that the Court, when informing Defendant of the maximum penalties for his crimes, read from the 1999 sentencing guidelines as opposed to the 1998 guidelines which governed the plea agreement in the instant case. The Court informed Defendant that he was facing a maximum of 653 months for the level one charge [rape] and 493 months for the level two charge [aggravated sodomy]. It is also uncontroverted that Defendant had no prior criminal history at the time of his pleas and so was facing a penalty substantially lower than the one intimated by the Court. The maximum penalty under the 1998 guidelines for an individual with no criminal record was 206 months for the level one crime and 154 months for the level two crime.

"Based on the above, Defendant's argument that he was not informed of the maximum consequences of his pleas is unfounded. He argues that because he was not informed of the overall maximum for the crimes he committed that his plea was not knowing and voluntary. Perhaps that would be the case if Defendant had actually been facing the overall maximum and had been informed that the sentence would be less [than] it actually was. However, as it is, he was sentenced in the lowest part of the grid, and it matters little that Defendant might have had a criminal history, when the facts reflect he did not."

The Court of Appeals, however, determined that under *State v. Williams*, 275 Kan. 284, 64 P.3d 353 (2003), and *Shaw*, 259 Kan. 3, the district court abused its discretion in denying Beauclair's motion to withdraw his plea:

"In the present case, the trial court incorrectly informed Beauclair that under the rape charge, he faced a maximum sentence of 653 months, and under the [aggravated] sodomy count, he faced a maximum sentence of 493 months. But Beauclair was actually sentenced under the 1998 guidelines which carried larger maximum sentences. *We can find no evidence in the record to indicate Beauclair was informed of the correct maximum sentences prior to sentencing.*

"Under our Supreme Court precedent, Beauclair did not knowingly and voluntarily enter a plea. As in *Shaw*, Beauclair was sentenced within the range stated at the plea hearing, but was misinformed concerning the maximum possible pen-

alty." (Emphasis added.) *State v. Beauclair*, No. 91,999, unpublished opinion filed July 29, 2005, slip op. at 4.

The State argues that *Shaw* and *Williams* are distinguishable. It asserts that in *Williams,* while the defendant was under informed of the maximum, unlike Beauclair he was later sentenced to the correct maximum. The State further asserts that in *Shaw,* although the defendant was under informed of the maximum by the district court and able to withdraw his plea (even though he had benefitted by the misinformation and sentencing), unlike Beauclair he had not been correctly informed of the maximum punishment by his attorney.

The State also cites two cases to support its position: *Noble,* 240 Kan. 162, and *Underwood v. State,* 214 Kan. 633, 522 P.2d 457 (1974). In *Noble,* the defendant had been informed of a possible penalty at his first appearance, but was not informed of the possible maximum at his plea hearing 4 months later. We held this was a violation of 22-3210, but because the defendant had gone over the maximum punishments with his attorney before the plea, we found substantial compliance with the statute. In *Underwood,* the district court failed to advise the defendant of the possible maximum sentence, but his counsel testified that he had informed defendant of the possible sentence that could be imposed. We determined, partly because of this testimony, that the plea was voluntarily and understandably made.

None of the parties' cases is directly on point. Beauclair points out that *Noble* did not involve a misstatement of the minimums followed by a greater minimum sentence being imposed. Beauclair also observes that his situation concerns a judicial misstatement of the potential sentences, whereas both *Noble* and *Underwood* involved complete judicial failures to address the sentences, which he argues is less egregious and can be curable by defense counsel's information to his client.

We need not determine the precise place Beauclair occupies on the continuum created by these four cases because his facts provide for a simpler resolution. More specifically, he was made aware on multiple occasions before his motion to withdraw on October 31,

2003, that he may have been, and actually had been, under informed by the court at his plea hearing on August 13, 2001. Yet he proceeded. Accordingly, we also need not determine whether "the minimum penalty provided by law" is effectively included in 22-3210(a)(3)'s references to "consequences of the plea."

First, Harris' affidavit reveals that "in arriving at the plea agreement, Defendant was advised as to what the sentence guidelines provide and what he could expect the court to consider" under the 1998 sentencing guidelines. She swears that she specifically advised him of the correct 1998 minimum sentences: 184-206 months (rape) and 136-154 months (aggravated sodomy). She also swears that she advised him of the correct 1999 sentencing guidelines; although she does not specify the 1999 minimums, they are 147 months for the rape and 109 months for the aggravated sodomy. She further swears that knowing these potential penalties, under both years' guidelines, Beauclair decided to enter his plea. Accordingly, when the district court informed Beauclair and his counsel at the plea hearing on August 14, 2001, of minimum sentences based upon the less severe 1999 guidelines, he—and his counsel— were placed on notice that for some reason the 1998 guidelines were not being followed. Yet neither he nor his counsel notified the court of any objection or questioned why.

Second, at the November 16, 2001, sentencing hearing, Beauclair was personally present when the court ordered Harris and the State to brief the issue as to which year's sentencing guidelines applied to Beauclair—the 1998 or the less severe 1999 version. He, and his counsel, were therefore placed on notice that there was a potential problem with what the court had told him at the plea hearing regarding the correct minimum sentences. Yet neither he nor his counsel notified the court of any objection or questioned why.

After the respective briefs were filed on the issue, the district court decided the more severe 1998 sentencing guidelines applied. According to the transcript of the February 27, 2002, sentencing hearing, which Beauclair attended, the 1998 version had not only been judicially determined as the correct one to be applied, but it had also been agreed to as correct by the State and defense—down

to the exact length of the correct minimum sentences for each offense to which he had pled no contest. Despite this additional notification of the variance from what Beauclair had been told by the court at the August 2001 plea hearing—which was now *confirmed* as wrong—neither Beauclair nor any of his three defense counsel objected, either to the judicial determination that the 1998 guidelines applied, or to the statements, by the court and the prosecutor, that their application had been agreed to.

Finally, according to that same hearing transcript, the court then proceeded to use the 1998 guidelines to sentence Beauclair to longer minimum terms than the minimums to which he had been informed at the earlier plea hearing. Neither Beauclair nor any of his three defense counsel notified the court of any objection or questioned why.

While it is true that Beauclair was sentenced on February 27, 2002, on the rape charge to a minimum sentence 37 months greater than the minimum to which he had been advised at the plea hearing in August 2001, on this record we conclude that the requirements of K.S.A. 2005 Supp. 22-3210 were substantially complied with. *Cf. Noble v. State,* 240 Kan. 162 (purpose of 22-3210 requiring petitioner to be informed of the maximum possible sentence which could be imposed by law was served: copy of the information which the petitioner had received and had gone over in detail with his attorney contained the minimum and maximum possible sentence for each count with which the petitioner was charged).

The reasons already stated are sufficient to form substantial statutory compliance. We therefore need not apply other factors noted in *State v. Moses* to support the conclusion, *e.g.,* delay in bringing the withdrawal motion, plea after conclusion of preliminary hearing, and the dropping of a count in exchange for a plea. See *Moses,* 280 Kan. at 952-54.

Because we cannot say that no reasonable person would take the view adopted by the district court, we hold it did not abuse its discretion when it found no manifest injustice warranting approval of Beauclair's motion to withdraw his no contest plea based upon the court's failure to correctly advise him of the sentencing provisions at the plea hearing. Its decision on that basis is therefore

affirmed, and the decision of the Court of Appeals on that basis is reversed.

The issues concerning Beauclair's mental health, the district court's alleged failure to determine a factual basis for the plea, and the victim's sworn statement were not reached by the Court of Appeals, were not contained in the State's petition for review, and were not brought in any way to this court by Beauclair. Accordingly, we remand these remaining issues to the Court of Appeals for determination. See Supreme Court Rule 8.03(h)(2) (2005 Kan. Ct. R. Annot. 61).

LUCKERT, J., not participating.

LARSON, S.J., assigned.