NOT DESIGNATED FOR PUBLICATION

No. 118,257

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD BROCK WIELAND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Opinion filed November 9, 2018. Affirmed in part and vacated in part.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: Defendant Ronald Brock Wieland lodges multiple challenges to how the Shawnee County District Court handled his no-contest plea to two counts of aggravated assault and the resulting sentencing. We find the points to be unpersuasive with one exception: The district court sent Wieland to prison and impermissibly entered a no contact order—those are legally incompatible. So we vacate the no contact order and otherwise affirm the judgment of conviction and the sentences.

1

Wieland and Kaila Marie Cox are parents to a son. In late 2016, they were estranged. Cox and the child were living with her father. Shortly before Christmas, Wieland went to see his son. But Cox and her father refused to let him in. Wieland picked up an ax from the rear of the house and began whacking the locked front door. Cox or her father called the police. Wieland wound up under arrest.

The State initially charged Wieland with aggravated burglary, theft of property under $1,500, and criminal damage to property. But the State later added two counts of aggravated assault in an amended complaint. The aggravated assault charges identified Cox and her father as the victims and alleged that Wieland placed them in "reasonable apprehension of immediate bodily harm . . . with a deadly weapon," identified as the ax. The charges tracked the statutory proscription in K.S.A. 2016 Supp. 21-5412(b)(1).

The prosecutor and Wieland's lawyer worked out an agreement that called for Wieland to plead no contest to both aggravated assault charges with a joint recommendation for probation on standard guidelines sentences. The State would dismiss the other charges. Pertinent here, the prosecutor also agreed not to request a judicial finding that Wieland used a deadly weapon to commit the aggravated assaults, a determination that would require Wieland to comply with the Kansas Offender Registration Act (KORA), K.S.A. 2016 Supp. 22-4901 et seq. The agreement also called for an order prohibiting Wieland from contacting Cox or her father.

The parties used a template to prepare a written plea agreement that the prosecutor, Wieland, and his lawyer signed. The template has a numbered paragraph designated as "Sentencing Agreement" with a space to set out the terms applicable in a given case. In that section of Wieland's agreement, someone had written:  "Standard number, probation[.] Parties will not ask for deadly weapon finding for purposes of

registration[.]" The template has a printed paragraph that states, "The Defendant shall not make any motion to withdraw the plea or appeal any conviction that results from the plea." The paragraph provides that doing either violates the arrangement and frees the State from "any agreement to recommend a particular sentence" and permits the State to "recommend any sentence it deems appropriate."

At a hearing in January 2017, the parties informed the district court of the plea agreement. The district court discussed with Wieland the rights he would be giving up if he entered no-contest pleas rather than going to trial, established that he understood the principal terms of the agreement, and informed him the agreement entailed a nonbinding recommendation as to sentencing. To develop the factual basis for the no-contest pleas, the district court asked the prosecutor to summarize the State's evidence. In response, the prosecutor orally represented:

> "[O]n December 11th, 2016, Topeka police officers were dispatched to an address at . . . Southwest Alameda in Shawnee County regarding an attempted break-in. Upon arrival they made contact with reporting witnesses, Darrell Cox and Kaila Cox, who advised them that the defendant, Ronald Wieland, had been at their house and had knocked on the door, attempted to enter the house, was not allowed. *Mr. Wieland then grabbed an object from the back of the house and began hitting the front door* with the two other individuals inside the house, and these individuals would testify that the striking of this door with them inside placed them in fear for their immediate safety.
>
> "The address where this incident occurred is in Shawnee County, and the two individuals, Darrell and Kaila Cox, are—would serve as the underlying victim for each of the two counts of aggravated assault." (Emphasis added.)

When the prosecutor finished, the district court asked Wieland's lawyer if the recitation "would support a plea of no-contest and a finding of guilt." Wieland personally responded in the affirmative. The district court moved on to other matters without getting an answer from the lawyer. The district court accepted Wieland's no-contest pleas and found him guilty of the two aggravated assault charges.

3

The sentencing didn't go as smoothly. At the sentencing hearing in late February, Wieland told the district court that Cox had gotten a protection from abuse order that prevented him from seeing his son. And he said he believed he would be justified in defying a court order that kept him from his son. The district court expressed reservations about placing Wieland on probation in conformity with the plea agreement given his declaration. The district court continued the hearing for about a month so Wieland could confer with his lawyer.

At the reconvened sentencing hearing, the district court said it intended to impose conditions of probation consistent with the protection from abuse order. Wieland objected to a prohibition on visiting his son and reiterated his willingness to ignore such an order. At that point, Wieland said he wished to withdraw his no-contest pleas because he had not been advised that he would be kept from seeing his son. The district court continued the hearing for another month in anticipation of taking up Wieland's motion to withdraw his pleas.

Meanwhile, Wieland's lawyer filed a motion to withdraw the pleas and a motion to withdraw as counsel. The district court appointed a new lawyer for Wieland. At the hearing, Wieland's new lawyer chose not to augment the written motion to withdraw the pleas. The district court found that Wieland had not demonstrated good cause to withdraw the pleas and denied the motion. See K.S.A. 2016 Supp. 22-3210(d)(1).

Relying on Wieland's violation of the plea agreement in pursuing the motion to withdraw the pleas, the prosecutor urged the district court to send Wieland to prison, since he had made clear he intended to ignore any no contact order applicable to his son. The prosecutor also requested the district court find that Wieland committed the aggravated assaults with a deadly weapon and order that he register and report under KORA as a violent offender.

4

The district court ordered Wieland to serve a controlling 21-month term in prison and placed him on postrelease supervision for 12 months. The district court made the dangerous weapon finding and ordered Wieland to register as a violent offender. Finally, the district court ordered that Wieland have no contact with the victims in this case—Cox and her father—and that he comply with the protection from abuse order entered in the civil case, prohibiting him from having contact with his son. Wieland has appealed.

LEGAL ANALYSIS

For his first point on appeal, Wieland contends the district court accepted his no-contest pleas without a sufficient factual basis. Before accepting a plea, a district court must be "satisfied that there is a factual basis for the plea." K.S.A. 2016 Supp. 22-3210(a)(4). The statutory requirement conforms to constitutional due process protections for criminal defendants. *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); see *State v. Beauclair*, 281 Kan. 230, 237, 130 P.3d 40 (2006); *State v. Muriithi*, 273 Kan. 952, 964, 46 P.3d 1145 (2002). As a general proposition, the district court should not accept a plea if the proffered evidence fails to support the elements of the crime of conviction. With a guilty plea, the district court usually will require the defendant to state sufficient facts on the record or to acknowledge the accuracy of the charging document or the affidavit submitted in support of the charges. Because a defendant does not admit guilt in a no-contest plea, the district court will call on the prosecutor to proffer in abbreviated form the State's evidence supporting the charged crimes.

To support the charged form of aggravated assault, the evidence had to establish that Wieland used a deadly weapon to render Cox and her father fearful or apprehensive of immediate bodily harm at his hands. The prosecutor's statement at the plea hearing established Cox or her father called the police for help as Wieland banged on the door.

5

That representation undergirds a conclusion they were fearful. But the prosecutor merely said that Wieland had "an object" in his hand—not that he had an ax. Recall that as part of the plea deal, the State had agreed not to seek a deadly weapon finding from the district court. In keeping with the bargain, the prosecutor mentioned only a generic object in his proffer. And the plea hearing happened before Wieland violated the agreement by filing his motion to withdraw his pleas.[*]

[*]We offer no opinion on whether the parties can legally avoid application of the Kansas Offender Registration Act with that sort of agreed upon somersault, especially when an element of the charged crime requires the use of a deadly weapon. This case does not present the issue for our review.

The State contends Wieland has not preserved the point for appellate review because he did not move to withdraw his pleas in the district court for this reason. And without any request in the district court, the State says we should not take up Wieland's claim. We assume without deciding that we may consider the point because it entails a constitutional right and likely would be dispositive of the appeal. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

We discount the notion Wieland's personal acknowledgement that the prosecutor's oral rendering of the evidence was legally sufficient to validate that statement if it were substantively inadequate. The sufficiency of the rendition required a legal conclusion that Wieland himself was not qualified to make, so his assent isn't especially significant. The district court addressed the inquiry to his lawyer but never received a response from that direction.

The question remains whether the district court could have been reasonably satisfied that a factual basis for the pleas existed. In making that determination, the district court was not confined to the prosecutor's statement. The district court properly could rely on other parts of the record, including the amended complaint, to assess the

facts. *State v. Ebaben*, 294 Kan. 807, 813, 281 P.3d 129 (2012); *State v. Bey*, 270 Kan. 544, 549, 17 P.3d 322 (2001). Here, the record shows Wieland had received and was familiar with the amended complaint. Neither he nor his lawyer disputed its accuracy. At the hearing, Wieland acknowledged that he intended to enter pleas to the aggravated assault charges outlined in the amended complaint and had discussed the disposition of the charges against him with his lawyer. The amended complaint unequivocally identified what the prosecutor referred to during the hearing as "an object" to be an ax. Although axes may come in different varieties—there are single-bladed axes and double-bladed axes, for example—all of them reasonably may be considered deadly weapons in malevolent hands.

Here, the district court had an adequate factual basis to support each element of the aggravated assault charges and, in turn, to accept Wieland's no-contest pleas. It drew from more than one acceptable source to compile the factual grounds. The prosecutor's proffer together with the amended complaint established the elements of aggravated assault for both charges. As we have said, nothing confines a district court to a single source in making that determination. *Ebaden*, 294 Kan. at 814-15; *Bey*, 270 Kan. at 549. Wieland cannot show a constitutional deprivation or any other error in the district court's decision to adjudge him guilty at the end of the plea hearing.

For his second point, Wieland contends the State breached the plea agreement by requesting that he register under KORA. Wieland concedes he violated the agreement by filing the motion to withdraw his pleas. But he says the agreement provided that his violation simply freed the State from the joint sentencing recommendation and allowed the State to ask for some other sentence. Wieland then explains the Kansas Supreme Court has held that KORA is not punishment and, therefore, asking that he register and report as required by KORA cannot be part of his sentence. See *State v. Huey*, 306 Kan. 1005, 1009-10, 399 P.3d 211 (2017) *cert. denied* 138 S. Ct. 2673 (2018). We find the argument wide of the mark because plea agreements are essentially considered a species

7

of contract and are to be construed applying contract law. See *State v. Jones*, 302 Kan. 111, 116, 351 P.3d 1228 (2015); *State v. Hawkins*, No. 114,809, 2016 WL 4499384, at *1 (Kan. App. 2016) (unpublished opinion).

A contract should be enforced according to its terms. See *Hall v. Shelter Mutual Ins. Co.*, 45 Kan. App. 2d 797, 800-01, 253 P.3d 377 (2011). And it is not the business of the courts to add to or otherwise alter the terms the parties have worked out for themselves. *Investcorp v. Simpson Investment Co.*, 277 Kan. 445, 462-63, 85 P.3d 1140 (2003). Those principles sensibly apply to plea agreements given their contractual nature. See *Moore v. State*, 295 S.W.3d 329, 332 (Tex. Crim. App. 2009) (court may not unilaterally add terms to a plea agreement). The parties to a contract, thus, may ascribe a peculiar or idiosyncratic meaning to the language of their bargain so long as they share that understanding. *Am Intern. v. Graphic Management, Inc.*, 44 F.3d 572, 575 (7th Cir. 1995); *Claassen v. City of Newton*, No. 111,445, 2015 WL 4366475, at *3 (Kan. App. 2015) (unpublished opinion). And a court should enforce the contract consistent with that shared (if odd) meaning.

Here, the parties to the plea agreement defined the "sentencing agreement" to encompass the deadly weapon finding for KORA purposes. Given that definition, Wieland and the State treated KORA registration as part of their understanding about the scope of the sentence to which they were agreeing. In turn, Wieland's breach of the agreement allowed the State to ask the district court for a different sentence that—as they provided in the agreement—included KORA registration. The prosecutor, therefore, had the contractual right to request that the district court make the deadly weapon finding and to order Wieland to comply with KORA. Contrary to Wieland's suggestion, the State did not breach the plea agreement.

Wieland next contends the district court erred in sentencing him to prison and imposing a no contact order. The Kansas Supreme Court has held that a no contact order

8

is a probation condition and so cannot be imposed on a defendant sentenced to serve a term of incarceration. *State v. Alcala*, 301 Kan. 832, 835, 348 P.3d 570 (2015). The State concedes error. That's that. We, therefore, vacate the district court's order prohibiting Wieland from contacting Cox or her father and incorporating any no contact provisions in the protection from abuse order.

For his fourth point, Wieland argues the district court violated his due process rights by making factual findings related to KORA, particularly that he used a deadly weapon, rather than permitting a jury to make the findings beyond a reasonable doubt, consistent with *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Wieland did not raise the issue in the district court, but the appellate courts have considered constitutional due process claims under *Apprendi* for the first time on appeal. See *State v. Luarks*, 302 Kan. 972, 977-78, 360 P.3d 418 (2015); *State v. Anthony*, 273 Kan. 726, 727, 45 P.3d 852 (2002).

Wieland's argument hinges on the premise that KORA registration is part of a criminal sentence and is punitive. As we have indicated, the Kansas Supreme Court has consistently held that KORA registration does not amount to punishment and judicial fact-finding establishing registration requirements does not deprive a criminal defendant of constitutional due process. See *Huey*, 306 Kan. at 1006; *State v. Watkins*, 306 Kan. 1093, 1094-95, 401 P.3d 607 (2017); *State v. Petersen-Beard*, 304 Kan. 192, 209, 377 P.3d 1127 (2016).

The contractual terms of the plea agreement do not require a different result on this issue. The plea agreement, as a contract, bound the State and Wieland to its terms. But it was not binding on the district court. So the agreement's characterization of KORA as a component of any sentencing did not dictate how the district court had to treat KORA—any more than the agreement could control what sentence the district court

9

actually imposed. See *State v. Beck*, 307 Kan. 108, 110, 406 P.3d 377 (2017). We find no error on this point.

Finally, Wieland contends the district court improperly considered his criminal history in imposing sentence. He argues that the district court's use of his past convictions in determining an appropriate sentence impairs his constitutional rights because a jury did not determine the fact of those convictions beyond a reasonable doubt. Wieland also relies on *Apprendi*, 530 U.S. at 477, to support that proposition. He acknowledges the Kansas Supreme Court has rejected that argument and has found the State's current sentencing regimen conforms to the Sixth and Fourteenth Amendments to the United States Constitution with respect to the use of a defendant's past convictions in determining a presumptive statutory punishment. *State v. Fischer*, 288 Kan. 470, Syl. ¶ 4, 203 P.3d 1269 (2009); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). We, therefore, decline Wieland's invitation to rule otherwise, especially given the Kansas Supreme Court's continuing affirmation of *Ivory*. *State v. Pribble*, 304 Kan. 824, 838-39, 375 P.3d 966 (2016); *State v. Hall*, 298 Kan. 978, 991, 319 P.3d 506 (2014).

We vacate the district court's no contact order and otherwise affirm.