NOT DESIGNATED FOR PUBLICATION

No. 121,480

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEE DAVIS IV,
*Appellant*.

MEMORANDUM OPINION

Appeal from Brown District Court; JOHN L. WEINGART, judge. Opinion filed October 2, 2020.
Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Kevin M. Hill*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., WARNER, J., and BURGESS, S.J.

PER CURIAM:  Lee Davis appeals from the district court's summary denial of his
motion to withdraw his plea, filed over four years after sentencing. Davis argues that no
factual basis for his conviction was recited at the plea hearing and that his lack of
knowledge about this circumstance until a transcript was prepared excused his untimely
filing. After carefully reviewing the record and the parties' arguments, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2013, Davis was charged with child abuse and the murder of his four-
year-old son, who was severely beaten to death. In a separate case, Davis was charged

1

with misdemeanor battery of his son, which allegedly occurred several months before the child died. Although the misdemeanor battery occurred in November of the previous year, the complaint and warrant were not issued until April 2013.

Davis agreed to enter a plea in the misdemeanor-battery case in exchange for the State's agreement to charge him with second-degree murder, rather than first-degree murder. And on April 29, 2013, Davis pleaded no contest in both cases—to misdemeanor battery in one case and to second-degree murder and child abuse in the other—in a single hearing.

This appeal only concerns Davis' plea in the misdemeanor-battery case. Thus, we examine the facts giving rise to that charge and the resulting plea in greater detail. The State's complaint alleged

> "[t]hat on or about November 25, 2012, [Davis], within the County of Brown, State of Kansas, then and there being, did then and there contrary to the statutes of the State of Kansas intentionally, and willfully cause physical contact to the person of another, to-wit: M.B. dob: 2008, in a rude, insulting[,] or angry manner. In violation of K.S.A. 21-5413 BATTERY, a class B person misdemeanor."

The complaint in the battery case, along with the supporting affidavit and its attached materials, were filed the date of the plea hearing. The affidavit included a report prepared by the Brown County Sheriff's Office during the investigation of M.B.'s murder, which noted that teachers at M.B.'s school observed severe bruising on the child's abdomen in November 2012. According to the report, a teacher noticed the bruising when M.B. raised his shirt in the restroom. The teacher also reported that M.B. told her that Davis would hit him and that he did not want to stay at his house. The report included pictures taken of M.B.'s injuries at that time. M.B. stopped showing up at school shortly thereafter. A social worker from the Department for Children and Families completed a report based on this incident; this report was also attached to the affidavit.

2

At the plea hearing, the district court ensured that Davis understood the rights he was giving up and that he was entering the plea knowingly and voluntarily. But the court did not ask the State to recite the factual basis for the misdemeanor-battery charge. Instead, it inquired whether Davis had sufficient time to discuss his rights and whether he had received "the information regarding the basis" for that charge. Davis answered that he had, and the court accepted his plea. The court then sentenced Davis to 30 days' imprisonment for the battery conviction and proceeded to accept his plea in the murder case. During that portion of the hearing, the State engaged in a lengthy discussion of the facts leading to the child's death (which occurred in March 2013), but there was no additional discussion of the November 2012 battery.

Because the misdemeanor-battery conviction and murder conviction arose from separate cases, separate journal entries were filed for each plea. The journal entry of Davis' plea and sentencing in the battery case indicated the State had "state[d] to the Court the evidence that would have been brought by the State in the event that this matter had gone to trial." The journal entry then stated that the court—"[u]pon hearing the statements of the State of Kansas and being assured by the defendant that he is satisfied with the statement of evidence set forth by the State of Kansas"—found a factual basis for Davis' plea. Davis did not appeal his sentence.

In September 2016, Davis filed a pro se transcript request, asking for records of his plea hearing so he could prepare a K.S.A. 60-1507 motion in the murder case. Davis filed that K.S.A. 60-1507 motion on January 12, 2017, alleging ineffective assistance of counsel, prosecutorial error, judicial misconduct, and civil conspiracy between his counsel, the State, and the district court. The district court appointed Davis an attorney to assist him in the matter.

In July 2017, Davis' appointed counsel filed a "Motion to Set Aside Conviction for Lack of Jurisdiction/Factual Basis for a Guilty Finding Under K.S.A. 22-3210(a)(4) and Alternative Motion to Withdraw Plea" in the misdemeanor-battery case. Davis argued that the State's failure to recite the factual basis for his plea at the hearing constituted a jurisdictional defect, rendering his plea void. Though his motion was filed over four years after he had entered his plea, Davis explained that he "only very recently became aware of this error due to the lack of a prepared written transcript" and that this "exceptional circumstance excus[ed] the late filing of [his] motion."

The court denied Davis' July 2017 motion after a nonevidentiary hearing. The court found that Davis' withdrawal motion was untimely since it was filed more than four years after his convictions were final. And the court also found that any procedural error in the plea process from the failure to recite a factual basis for Davis' plea was not a jurisdictional defect. The court observed that Davis "had great opportunity to litigate the question of the sufficiency of the factual basis for the plea" but had not done so until more than four years after the plea hearing. Davis appeals.

DISCUSSION

The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects defendants in criminal cases by requiring that any plea be knowingly and voluntarily made. *Brady v. United States*, 397 U.S. 742, 755-56, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). K.S.A. 22-3210 was enacted to ensure compliance with these elements of due process. *State v. Beauclair*, 281 Kan. 230, 237, 130 P.3d 40 (2006).

Under this statute, a court considering a defendant's plea must determine—and the record must affirmatively disclose—that the defendant enters his or her plea voluntarily and with an understanding of its consequences. 281 Kan. at 237. A court considering a defendant's plea of guilty or nolo contendere must also be "satisfied that there is a factual

4

basis for the plea." K.S.A. 2019 Supp. 22-3210(a)(4). The Kansas Supreme Court has explained that "the failure to strictly comply with [K.S.A. 22-3210] does not warrant [withdrawal of a plea] if, upon review of the entire record, it can be determined that the pleas were knowingly and voluntarily made." 281 Kan. at 237. In other words, a court should deny a motion to withdraw a plea, even when faced with a technical error in the proceedings at the plea hearing, when "the requirements of [K.S.A. 22-3210] were substantially complied with." 281 Kan. at 241.

Any effort to withdraw a plea, once entered, is governed by K.S.A. 2019 Supp. 22-3210(d). The decision to grant or deny a motion to withdraw a plea lies within the discretion of the district court. *State v. Green*, 283 Kan. 531, 545, 153 P.3d 1216 (2007). On appeal, a person challenging a district court's denial must establish that the court abused its discretion in reaching that decision. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018). A judicial action constitutes an abuse of discretion if it is arbitrary, fanciful, or unreasonable; based on an error of law; or based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

K.S.A. 2019 Supp. 22-3210(d) sets forth separate standards for evaluating a motion to withdraw a plea, depending on the timing of the motion. When a defendant moves to withdraw a plea after sentencing—as Davis has done here—a court may only permit withdrawal "[t]o correct manifest injustice." K.S.A. 2019 Supp. 22-3210(d)(2). Manifest injustice is something "obviously unfair or shocking to the conscience." *State v. Barahona*, 35 Kan. App. 2d 605, 608-09, 132 P.3d 959, *rev. denied* 282 Kan. 791 (2006). And any postsentence motion to withdraw a plea must be brought within one year of the conclusion of a defendant's direct appeal, unless the defendant makes an "affirmative showing of excusable neglect." K.S.A. 2019 Supp. 22-3210(e).

The district court found that Davis' motion was untimely because it was brought well outside the one-year time limitation set forth in K.S.A. 2019 Supp. 22-3210(e)(1).

And the court further found that Davis did not demonstrate this delay had been due to any excusable neglect. See K.S.A. 2019 Supp. 22-3210(e)(2). It did not therefore reach the question of whether the absence of a recital of the factual basis for Davis' misdemeanor battery constituted manifest injustice. Thus, the sole question before this court is whether the district court erred when it ruled Davis' motion was untimely.

Davis acknowledges that his motion was filed well beyond one year after his conviction became final. But he challenges the district court's ruling in two respects. First, he argues the district court's finding "was done in a conclusory manner without any analysis" in violation of Kansas Supreme Court Rule 183(j) (2020 Kan. S. Ct. R. 223). Second, Davis contends the district court abused its discretion in determining he had not shown excusable neglect.

Rule 183 governs the procedure when a defendant files a K.S.A. 60-1507 motion, while K.S.A. 2019 Supp. 22-3210(d) governs motions to withdraw pleas. But Kansas courts have recognized that the same procedures apply to either type of motion. See *State v. Jackson*, 255 Kan. 455, 458, 874 P.2d 1138 (1994); *State v. Llamas*, No. 102,078, 2010 WL 3211712, at *1 (Kan. App.) (unpublished decision), *rev. denied* 291 Kan. 916 (2010). Rule 183(j) states a district court "must make findings of fact and conclusions of law on all issues presented." Supreme Court Rule 183(j) (2020 Kan. S. Ct. R. 225).

As a preliminary matter, we note that Davis never asserted that the court's order contained inadequate findings of fact and conclusions of law when this matter was before the district court. He therefore gave the court no opportunity to correct any claimed deficiencies or clarify its rulings. See *McIntyre v. State*, 305 Kan. 616, 618, 385 P.3d 930 (2016) ("[L]itigants and their counsel bear the responsibility for objecting to inadequate findings of fact and conclusions of law in order to give the trial court the opportunity to correct such inadequacies."). As a result, we may presume the district court found all

facts necessary to support its judgment. See *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015).

We further observe that the aim of Rule 183(j) is to develop a court record that allows for meaningful appellate review of the district court's decision. See *Harris v. State*, 31 Kan. App. 2d 237, 239, 62 P.3d 672 (2003). Here, any inadequacy in the district court's compliance with Rule 183(j) does not hinder our ability to review whether Davis made a sufficient showing of excusable neglect, particularly in light of the transcript from the hearing the court held on that question. See *State v. Wilson*, 308 Kan. 516, 527, 421 P.3d 742 (2018) (finding remand for failure to comply with Rule 183[j] unnecessary where it did not impede appellate review of issue). The record before us is adequate to review the court's ruling, and we do so.

Davis argues that his inaction was excusable because he "was not aware that there had been no factual basis given to support the misdemeanor conviction until after the transcript had been produced." Davis further maintains that his lack of understanding (both about the facts of what occurred at the hearing and the law regarding the necessary plea procedure under K.S.A. 22-3210) is understandable and excusable because he only received the complaint for the battery charge on the day of the hearing and was focused on the murder case, which carried a much lengthier prison sentence. The State points out that Davis focuses his appeal primarily on the merits of his underlying claim—including the court's failure to recite a factual basis for a plea, a jurisdiction based argument, and a claim of ineffective assistance of counsel—rather than explaining why his failure to file his motion to withdraw his plea within the one-year period constituted excusable neglect.

In *State v. Davisson*, 303 Kan. 1062, 1069, 370 P.3d 423 (2016), our Kansas Supreme Court explained that the somewhat elastic concept of excusable neglect "'requires some justification for an error beyond mere carelessness or ignorance of the law on the part of the litigant or his attorney.'" A recent panel of this court similarly noted

7

that "[e]xcusable neglect requires 'something more than unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind.'" *State v. Gonzalez*, 56 Kan. App. 2d 1225, 1229, 444 P.3d 362 (2019), *rev. denied* 311 Kan. ___ (February 27, 2020). And Black's Law Dictionary defines "excusable neglect" as:

> "A failure—which the law will excuse—to take some proper step at the proper time . . . not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party." Black's Law Dictionary 1244 (11th ed. 2019).

Davis argues that his ignorance of both the law and facts surrounding his plea justified his delay in filing his motion. Regarding his ignorance of the law, Davis claims that he did not know the legal requirements the district court was required to follow when accepting his plea and did not know that the alleged failure to recite a factual basis potentially constituted an appealable issue. But in *Davisson*, our Kansas Supreme Court embraced "the basic proposition that ignorance of the law should not constitute excusable neglect for inmates or criminal defendants." 303 Kan. at 1068. Davis' ignorance of the requirement that the district court find a factual basis for the plea does not constitute excusable neglect.

Davis also claims that he only discovered that the State did not present evidence at the plea hearing as to the factual basis for the misdemeanor-battery charge after he received transcripts more than three years later. He asserts that this circumstance amounts to excusable neglect. We note, however, that Davis does not provide any explanation for his delay in requesting the transcript. And, regardless of whether he had requested or received a transcript from the plea hearing, Davis was personally present at and participated in that hearing.

8

Davis confirmed to the court at the plea hearing that he had received information regarding the basis for the misdemeanor-battery charge from the State, that he understood the nature of that charge, and that he was making his plea knowingly and voluntarily. Accord *State v. Bey*, 270 Kan. 544, 549, 17 P.3d 322 (2001) (factual basis provided when a defendant is provided with a complaint or information that sets forth the factual details and essential elements of the crime). As a result of that plea, the State reduced the charges against him in his other case from first-degree to second-degree murder. Davis' failure to request a transcript for that hearing for more than three years does not excuse his failure to file his motion within the timeframe set forth in K.S.A. 2019 Supp. 22-3210(e)(1).

The district court did not abuse its discretion when it ruled that Davis' motion to withdraw his plea was untimely.

Affirmed.