NOT DESIGNATED FOR PUBLICATION

No. 122,705

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFREY SCOTT GUENTHER SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Marshall District Court; JAMES A. PATTON, judge. Opinion filed April 2, 2021. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN and HILL, JJ.

PER CURIAM: Jeffrey Scott Guenther Sr. thought he had reached an agreement with the State that he would receive a sentence of 17-20 years if he did not contest 13 charges pending against him in Marshall County. He knew that the State planned to ask the court to impose a 30-year sentence. When the court sentenced him to 27 years in prison, Guenther claimed that he had been misled and asked to withdraw his no-contest pleas. The court took evidence on his motion. After the court found that there was no cogent evidence showing Guenther had been misled, it denied his motion. Guenther

1

appeals, Under Kansas law, after sentence is imposed, a court may allow an offender to withdraw his pleas to prevent manifest injustice.

The record controls the outcome of this appeal. It shows that Guenther had been adequately advised of the range of sentences the court could impose if he was convicted. He entered his pleas voluntarily and knowledgably. And the aggregated sentences he received are within the range of sentences that he knew the court could impose. Plus, the record shows no evidence that he was misled during his negotiations with the State. Because Guenther has failed to show manifest injustice, we find no reversible error and affirm.

*The record shows an escape, a crime spree, a capture, and plea negotiations.*

Guenther and another inmate broke out of the Marshall County Jail. In the process, they set fire to the jail, stole firearms, threatened people, shot at people, stole a vehicle, and fled from police. Guenther was finally captured.

After his capture, the State charged Guenther with 13 crimes, including:
- attempted first-degree murder;
- two counts of attempted second-degree murder;
- aggravated robbery;
- aggravated arson;
- aggravated escape from custody;
- conspiracy to commit aggravated escape from custody;
- two counts of criminal discharge of a firearm at an occupied dwelling;
- criminal discharge of a firearm at an occupied building;
- fleeing or attempting to elude a police officer;
- criminal damage to property; and

- criminal possession of a firearm by a felon.

The State made clear that it intended to pursue an upward departure sentence of 78 years' imprisonment if Guenther was convicted. But plea negotiations bore fruit.

Guenther, his attorney, and the State took part in a pretrial mediation to arrive at a plea agreement. The mediation was overseen by a district court judge. During the mediation, the State and Guenther arrived at plea agreement:
- Guenther would plead to all 13 charges;
- Guenther's sentences would be concurrent with his other case;
- the State would ask for a controlling sentence of 30 years;
- Guenther could request a durational and dispositional downward departure sentence;
- the State would leave the departure request to the court's discretion;
- victim impact statements would be allowed at sentencing; and
- Guenther would get credit for all time served.

That same day, before a different judge, in accordance with the agreement, Guenther pled no contest to all charges. The court asked Guenther if he understood that the court was not bound by the plea agreement when it came to sentencing. Guenther responded that he understood. Guenther also stated that he had not been promised a lighter sentence if he pled no contest to the charges. The court found him guilty on all counts.

As mentioned in the agreement, Guenther moved for a durational departure sentence and requested a total sentence of 204 months (17 years). The State recommended a controlling sentence of 360 months (30 years). The court denied the

departure motion and using the mitigated grid number for each count, sentenced Guenther to 327 months in prison (27 years).

*Guenther asked to withdraw his no-contest pleas.*

Guenther moved to withdraw his pleas. The court appointed new counsel for Guenther and held an evidentiary hearing on the motion. At the hearing, Guenther, his previous counsel—William McQuillan—and the judge who presided over the mediation testified.

Guenther claimed he did not understand the plea agreement and was misled to believe that he would not be sentenced to more than 25 years. He believed it would be closer to 20 years. He testified the judge told him he would get 78 years if he went to trial because of the "double double rule." Guenther testified that although the judge did not make any promises, he was led to believe he would get close to 20 years if he pled guilty because the court would look favorably upon him for not going to trial. Guenther testified his attorney told him he would not receive a sentence greater than 25 years. Guenther was willing to agree to 25 years. But he acknowledged the State was adamant through the entire negotiation process that he get 30 years. In other words, Guenther knew the State would ask for 30 years at his sentencing.

Both McQuillan and the mediation judge testified that no promises were made regarding the length of the sentence Guenther would receive. McQuillan testified:

> "Q. Did you ever promise him that his sentence wouldn't be greater than 25 years?
> "A. No.
> "Q. Do you know why he was lead [*sic*] to believe that?
> "A. He was not lead [*sic*] to believe that. Mr. Guenther for some reason got that in his head that if he got more than 25 years he wasn't going to be satisfied."

4

Both testified that Guenther was informed that the State would ask for 30 years, and Guenther could ask for less. McQuillan explained to Guenther that the sentence would be left to the judge's discretion.

The court denied Guenther's motion to withdraw his pleas. The court found there was "no cogent evidence" that Guenther was misled. Rather, the evidence was that Guenther had hoped for a shorter sentence but had been fully informed what could happen at sentencing. The State had said repeatedly it planned to ask for 30 years. The court found Guenther was not coerced and that he was "not an unsophisticated criminal defendant" because he had been involved in the criminal process many times. The court found no evidence that Guenther was mistreated or unfairly taken advantage of. The court found the pleas were fairly and understandingly made. The court found no hesitation or confusion on the part of Guenther at the plea hearing. And the court found Guenther never complained about his attorney's representation. The court found that there was no manifest injustice to justify the plea withdrawal.

*The rules that guide us are well established.*

After sentencing, a court may permit a defendant to withdraw a plea of guilty or no contest only to correct manifest injustice. K.S.A. 2019 Supp. 22-3210(d)(2). Manifest injustice can be determined by considering several factors. Those factors are:
- whether the defendant was represented by competent counsel;
- whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and
- whether the plea was fairly and understandingly made.

*State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020) (citing *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 [2006]).

5

But it is not enough that the defendant shows good cause—the defendant must also show the elevated standard of manifest injustice. Manifest injustice means "obviously unfair" or "shocking to the conscience." *State v. Adams*, 311 Kan. 569, 575, 465 P.3d 176 (2020).

In his attempt to show manifest injustice, Guenther argues that part of the district court's decision depended on a mistake of fact. In denying the motion, the district court held that it had gone over the potential penalty ranges for each count at the plea hearing. But the district court did not do so. Thus, Guenther claims he was misled into believing his sentence would be between 20 and 25 years, he did not understand the plea agreement, and the process was unfair.

In reply, the State contends the evidence conclusively establishes that Guenther knew the State would ask for a sentence of 30 years and that while he was free to ask for a lesser sentence, there was no guarantee. The State contends the district court's mistake of fact was inconsequential and that the court substantially complied with K.S.A. 2019 Supp. 22-3210.

Indeed, the court did misspeak at the motion hearing. The court found that it had informed Guenther of the potential penalties for each charge. But at the plea hearing, the court did not advise Guenther of the specific penalty ranges for each charge. Instead, Guenther waived any further explanation of the possible penalties during the following exchange between the court and Guenther:

> "THE COURT: All right. Do you understand the potential penalty in each of the counts in the complaint?
> "THE DEFENDANT: Yes, your Honor.
> "THE COURT: Do you wish me to go over them with you?
> "THE DEFENDANT: No sir, that's not necessary.

6

"THE COURT: And you have visited with Mr. McQuillan as to the potential ranges of each and in this Count 1 is a severity Level 1 person felony. You've had a chance to go over the sentencing grid with him on that have you not?

"THE DEFENDANT: I have, yes.

"THE COURT: And likewise, on each of the counts you've had a chance to do that?

"THE DEFENDANT: Yes, your Honor.

"THE COURT: And you do not need me to go over those specifically with you at this time; is that correct?

"THE DEFENDANT: No sir.

"THE COURT: And do you feel that you've had ample time to review those potential ranges on each of those 13 counts and understand the range of penalty, the potential fine, the postrelease supervision, and the potential for earning good time?

"THE DEFENDANT: Yes, sir."

One requirement for accepting a plea is that the defendant be made aware of the consequences of the plea including the maximum penalty which may be imposed. K.S.A. 2019 Supp. 22-3210(a)(2). The district court must make sure that the defendant understands these consequences. *State v. Moses*, 280 Kan. 939, 948-49, 127 P.3d 330 (2006).

But the failure to strictly comply with K.S.A. 2019 Supp. 22-3210 is not reversible error if a review of the entire record shows that the plea was knowingly and voluntarily made and otherwise accepted by the trial judge in compliance with the statute. *State v. Ebaben*, 294 Kan. 807, 816, 281 P.3d 129 (2012). The inquiry is whether the failure to comply leads to the defendant not fully understanding the nature of the charge or consequences of entering a plea. See *State v. Morris*, 298 Kan. 1091, 1105-06, 319 P.3d 539 (2014).

Our Supreme Court has directed that courts should look at an entire plea process to determine whether the defendant understood the nature and consequences of the plea.

7

The plea need not be set aside if the defendant was advised of the plea's consequences by defense counsel or in some other way. *State v. Reu-El*, 306 Kan. 460, 473-74, 394 P.3d 884 (2017); *State v. Beauclair*, 281 Kan. 230, 237-41, 130 P.3d 40 (2006).

Here, the district court's mistake does not void its ruling on the issue. Guenther does not claim that he did not know the possible sentencing ranges for his crimes. He claims that he was misled to believe he would get 20-25 years despite knowing the possible sentencing ranges. Guenther testified he was told during mediation that the court could have lawfully imposed a 78-year sentence and that the State would recommend 30 years. At the plea hearing, Guenther stated repeatedly that he understood the possible penalties and that his attorney had gone over those with him.

The district court correctly found there was "no cogent evidence" that Guenther was misled. McQuillan and the mediation judge each testified that Guenther was not promised he would receive a sentence of 25 years or less. Rather, Guenther had only hoped to get a sentence of 25 years or less. Guenther understood the State would ask for 30 years and that the court was not bound to follow the recommendation of either party. The record does not show that Guenther did not understand the agreement or that the process was unfair. Rather, he was merely disappointed he did not get a lighter sentence. Disappointment is not manifest injustice.

Guenther then argues the district court should have considered other factors. He suggests that his motion to withdraw his pleas was filed promptly, that the State would suffer no prejudice from the plea withdrawal, and that he did not receive a favorable plea bargain.

In *Moses*, the court noted other factors that may support denial of a postsentence motion to withdraw plea including:
- reasonable promptness of the motion;

8

- defendant's failure to raise the issue in his/her prior direct appeal or K.S.A. 60-1507 proceeding;
- prejudice to the State;
- defendant's prior involvement in the criminal justice system; and
- defendant's receipt of a favorable plea bargain.

280 Kan. at 950-54.

After considering the *Moses* factors here, they do not show manifest injustice would result if Guenther could not withdraw his pleas. See *Beauclair*, 281 Kan. at 241. Guenther did not raise the *Moses* factors at the plea hearing.

Guenther has shown nothing "obviously unfair" or "shocking to the conscience" about this plea process. His 27-year sentence is less than what he knew the State would recommend at sentencing. And it is far smaller than the maximum of 78 years. He was expecting 20-25 years and received a 27-year sentence.

We find no manifest injustice here.

Affirmed.